ELAINE CAROLINE PIERARD APPELBE v. RONALD WRIGHT APPELBE

No. 8421DC1091

(Filed 20 August 1985)

1. **Divorce and Alimony § 30— equitable distribution—court's distribution of property proper**

   There was no error in an equitable distribution judgment which distributed to plaintiff more than half of the marital property where the court's conclusion was supported by findings of fact and evidence that plaintiff had furthered defendant's career and sacrificed her own career opportunities by being a homemaker, that defendant's earnings and retirement benefits greatly exceeded plaintiff's, and that plaintiff's ability to work regularly at gainful employment was much impaired by chronic ill health. Nothing in the record indicates that the circumstances were not given their proper weight by the court or that the distribution made was inequitable.

2. **Divorce and Alimony § 18.14— equitable distribution—order that house be sold—defendant's offer to purchase denied by court**

   The trial court erred by denying defendant's offer to buy a house at the fair market value set by the court where the court's equitable distribution judgment had ordered that the house be sold by a licensed real estate agent and the proceeds divided. Although the court's discretion in equitable distribution cases is very broad, it does not encompass taking a course that will inevitably waste the marital assets and cause one of the parties to incur substantial expense and inconvenience but is not likely to accomplish any corresponding benefit for either party.

3. **Divorce and Alimony § 30; Judgments § 55— equitable distribution—prejudgment interest improperly awarded**

   The trial court erred in an equitable distribution judgment by ordering defendant to pay prejudgment interest from the time the parties separated on a portion of the funds he was ordered to deliver to plaintiff. No provision in the Equitable Distribution Act authorizes payment of prejudgment interest on an equitable distribution and G.S. 24-5 is limited to sums due by contract and

to sums designated by the jury or other fact finder as compensatory damages in certain non-contract cases.

**4. Divorce and Alimony § 27— findings as to attorney fees—no prejudicial error**

There was no error prejudicial to defendant in an equitable distribution judgment from findings as to the value of the services rendered by plaintiff's counsel where the judgments appealed from made no provision for attorney fees and the record does not show what bearing, if any, the fees had upon the court's decision to divide the marital property.

APPEALS by plaintiff and defendant from *Harrill, Judge.* Judgments entered 22 May 1984 and 7 June 1984 in District Court, FORSYTH County. Heard in the Court of Appeals 8 May 1985.

Plaintiff and defendant both appealed from an equitable distribution judgment and an amended judgment entered pursuant to G.S. 50-20. In pertinent part, the judgments (1) distributed about 75% of the marital non real property, worth $61,081.46, to plaintiff and about 25% to defendant; (2) directed defendant to pay plaintiff prejudgment interest on $14,686.25 of the $21,500 in cash that he was ordered to deliver to her; and (3) directed that the marital real property, consisting of a dwelling house worth $110,000 on which there is a mortgage balance of about $36,000, be sold by a licensed real estate agent and the net proceeds divided equally, though defendant moved that he be permitted to buy plaintiff's equity based on the values found by the court.

*Randolph and Tamer, by Clyde C. Randolph, Jr. and Rebekah L. Randolph, for plaintiff appellant-appellee.*

*David B. Hough for defendant appellee-appellant.*

PHILLIPS, Judge.

[1] One of defendant's many contentions on appeal is that the court erred in distributing to plaintiff more than half of the marital property; on the other hand plaintiff's only contention is that the court erred in failing to give her an even larger share of the marital assets. Neither contention has merit in our opinion. The court's conclusion that more than half of the property should be distributed to plaintiff is supported by findings of fact and evidence that during their eighteen years of marriage plaintiff had furthered defendant's career and sacrificed her own career

Appelbe v. Appelbe

opportunities by being a homemaker; that defendant's earnings and retirement benefits greatly exceed plaintiff's; and that plaintiff's ability to work regularly at gainful employment is much impaired by chronic ill health. These same circumstances, so plaintiff argues, required the court to give plaintiff an even larger share of the marital assets. But equitable distribution, as the term suggests, is not distribution according to some fixed schedule or formula; it requires the exercise of judgment and discretion according to the circumstances involved, and nothing in the record indicates that the circumstances relied upon by plaintiff were not given their proper weight by the court or that the distribution made is inequitable to her.

[2] When the parties separated in October, 1981 plaintiff moved out of the marital homeplace, where they had lived since 1974, and defendant has occupied the house since then. After the court first entered judgment ordering that the place be sold by a licensed real estate agent, defendant moved, pursuant to Rules 59 and 60 of the N.C. Rules of Civil Procedure, that the judgment be amended to permit him to purchase plaintiff's interest in the property "at the fair market value set by the Court of $110,000.00." In denying defendant's motion the court erred, in our opinion. According to defendant's uncontradicted affidavit, and from the very nature of things, selling the property through a licensed real estate agent, as the court ordered, instead of to the defendant, would unnecessarily cost both parties a sales commission amounting to several thousand dollars; and would put defendant to the considerable expense and inconvenience of moving out of the house where he has been situated for ten years, of searching for other quarters to live in, and of moving into and getting situated in them. Nothing in the record before us justifies any such a wasteful and burdensome course and we reverse the order requiring it. The price defendant offered to pay for the property is the very amount that the court found it is worth and his offer was to pay that amount within a reasonable time designated by the court. If the property is sold through an agent, however, a buyer able and willing to pay the parties' price may not be obtained for a long while, if at all. Though the court's discretion in equitable distribution cases is very broad, *White v. White*, 64 N.C. App. 432, 308 S.E. 2d 68 (1983), *modified and aff'd*, 312 N.C. 770, 324 S.E. 2d 829 (1985), it does not encompass taking a

course that will inevitably waste the marital assets and cause one of the parties to incur substantial expense and inconvenience, but is not likely to accomplish any corresponding benefit for either party. Under the circumstances recorded the best interests of both parties will be served by defendant purchasing plaintiff's interest in the house at its fair market value within a reasonable time; but since more than a year has passed since the property was last appraised, upon remand the court will have to determine its fair market value anew. If, after doing so, defendant is still willing and able to buy plaintiff's interest based thereon within a reasonable time, the court should permit him to do so.

[3] In our opinion the court also erred in requiring defendant to pay prejudgment interest on $14,686.25 from October 4, 1981 when the parties separated, and that part of the judgment is reversed. When the parties separated plaintiff's right to any of the funds or things of value held by defendant had not been established and was not established until May 22, 1984, more than two and a half years later. The order to pay interest on any sum of plaintiff's that defendant retained *after* May 22, 1984 when it was adjudged that those funds were hers is authorized by law and defendant does not contest it. But no provision in the Equitable Distribution Act authorizes the payment of prejudgment interest on an equitable distribution, nor does any other statute of which we are aware. G.S. 24-5, which authorizes prejudgment interest in certain instances, is limited to sums due by contract and to sums designated by the jury or other fact finder as compensatory damages in certain non-contract cases; but the sum involved here is neither due plaintiff by contract, nor is it compensatory damages.

[4] Finally, defendant argues that the court erred in finding as facts that the services rendered by plaintiff's counsel during the entire course of the litigation, including the alimony and child support phase, was reasonably worth $16,000 and that in paying the fees ordered in the alimony part of the case, some $5,424.27 altogether, defendant was merely discharging his own legal obligation. This contention is without merit. Even if these findings are unsupported by evidence, as defendant contends, it does not appear that defendant has been harmed by them. The judgments appealed from made no provision for attorney fees and the record does not show what bearing, if any, the fees theretofore in-

curred or paid had upon the court's decision to divide the marital property. Error cannot be presumed, nor can it be established by surmise; it must be shown by the record, and we see none in this regard.

As to plaintiff's appeal—affirmed.

As to defendant's appeal—affirmed in part; reversed in part; and remanded.

Judges BECTON and EAGLES concur.