LOYE v. LOYE

[93 N.C. App. 328 (1989)]

Reversed in part and remanded.

Chief Judge HEDRICK and Judge WELLS concur.

===

CARL EUGENE LOYE, PLAINTIFF v. FRANCES K. LOYE, DEFENDANT

No. 8818DC52

(Filed 4 April 1989)

1. **Divorce and Alimony § 30— equitable distribution—marital property—valuation proper**

     The trial court in an equitable distribution proceeding properly valued a rental house and lot owned by the parties as tenants by the entirety.

2. **Divorce and Alimony § 30— equitable distribution—interest on distributive award—accrual from announcement of judge's decision**

     Interest should begin accruing on a distributive award in an equitable distribution action from the date the decision is announced in open court rather than from the date the judgment is signed or the date payments on the award begin.

APPEAL by defendant and cross-appeal by plaintiff from Judgment of *William L. Daisy, Judge,* entered 23 February 1987 in GUILFORD County District Court. Heard in the Court of Appeals 31 May 1988.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Norman B. Smith, for plaintiff appellee, cross-appellant.*

*Donaldson, Horsley & Greene, P.A., by Richard M. Greene, for defendant appellant.*

COZORT, Judge.

Plaintiff and defendant appeal an equitable distribution order. Defendant claims that substantial evidence supported an unequal distribution in favor of her instead of the equal distribution made by the trial judge. Defendant also claims that she was entitled to interest on the distributive award accruing from the entry of

judgment. Plaintiff contends that the trial judge erred in valuing certain rental property.

Plaintiff-husband and defendant-wife were married on 25 November 1960, separated 27 June 1984, and divorced 17 February 1986. They had three children, one of whom is a minor. He resides with his mother, the defendant.

In 1969 plaintiff and defendant founded Sentry Watch, Inc. (hereinafter referred to as Sentry). The company sells, designs, leases, and maintains commercial and residential security systems. Sentry is the principal marital asset. Together plaintiff and defendant own 97.8% of Sentry's shares of stock. Both parties have worked for the company since its inception, with plaintiff serving as president and defendant serving as secretary. The trial judge found that plaintiff was the key person in the company. He also found that defendant's employment with the company was interrupted by child-rearing responsibilities, along with performing homemaking services and most of the household chores.

Defendant's gross income was $11,738 in 1984, $13,035 in 1985, and $10,000 in 1986. Defendant has started a training and development business in addition to being licensed to sell insurance. She has received $1,419 in advances from Sentry.

Plaintiff's gross income from Sentry was $26,058 in 1984, $36,502 in 1985, and $40,800 in 1986. Sentry has made cash advances to plaintiff in the amount of $13,618.

The other major marital assets are the marital home and a rental home and lot owned by the parties as tenants in the entirety (hereinafter referred to as the Home Street property). The parties stipulated that the net value of the Home Street property was $42,000. This property was transferred by the parties to Sentry at the request of one of the company's creditors. Sentry issued a note payable to plaintiff and defendant for $33,978. The Home Street property was distributed to defendant. The value assigned to it was a net value of $8,022, calculated by subtracting from the stipulated fair market value of $42,000 the $33,978 note owed by Sentry to plaintiff and defendant.

The trial judge heard expert testimony concerning the value of Sentry. In addition he considered as proof of value an offer made by another company to purchase Sentry in September 1985. The tax consequences of liquidation were also considered. The trial

LOYE v. LOYE

[93 N.C. App. 328 (1989)]

court found the value of the Sentry stock to be $380,000. The court determined that an equal division of the marital property would be equitable. The court concluded that payment to defendant of $144,488 in exchange for her Sentry stock would be proper. The trial judge then ordered Sentry to retire defendant's stock, leaving plaintiff as sole stockholder. Plaintiff was ordered to direct the corporation to pay defendant a lump sum of $25,000 cash, and to pay defendant $2,000 per month at eight percent interest until the balance of $116,488 was paid in full (which was expected to take nine years). Interest was set to begin accruing from 15 July 1987, the date the first $2,000 payment was due. Both parties appealed.

[1] In his appeal plaintiff argues that the Home Street property's value of $42,000 should not have been reduced by the amount of the note, $33,978, which was owed to plaintiff and defendant jointly and severally by Sentry. He contends that, since the Home Street property was given to defendant, the reduction in value from $42,000 to $8,022 increased the amount plaintiff had to pay defendant in the distributive award. We disagree. Plaintiff's argument ignores the fact that plaintiff was awarded all of Sentry's stock and the debt of Sentry on the Home Street property was extinguished. The value of Sentry was increased therefore by the amount of the debt now cancelled. Since defendant cannot receive payment for her share of the debt, it was proper to reduce the value of the property and increase the value of Sentry. Plaintiff's argument is overruled.

In her appeal, defendant claims she is entitled to a greater share of marital assets, citing "factors" found by the trial courts in two previous cases decided by this Court. *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E. 2d 809, *disc. review denied*, 316 N.C. 730, 345 S.E. 2d 385 (1986); and *Appelbe v. Appelbe*, 76 N.C. App. 391, 333 S.E. 2d 312 (1985). She argues that those same factors are present in this case. Defendant did not, however, demonstrate what "factors" below required the trial court to make an uneven division of assets.

[2] Defendant next contends that the trial court erred by ordering interest to run from the date the judgment was signed rather than from the date the court announced its decision. The plaintiff responds that it was within the trial court's discretion to order interest to run from the date of signing rather than from the

date the court announced its decision. While both parties have misconstrued the trial court's order, we find the defendant to be correct in her contention that interest should run from the date the trial court announced its decision.

The matter below came on for hearing at the 2 February 1987 Session of Guilford County District Court. The trial court announced its decision in open court on 23 February 1987. The trial court's written order was signed on 22 June 1987 and filed on 23 June 1987. The written order provides that interest on the unpaid balance of the monthly installments of the distributive award shall begin running on 15 July 1987, the date the first $2,000 monthly installment was due to be paid by plaintiff to defendant. Thus, interest did *not* begin running on the date of the trial court's signing of the order. Nonetheless, the issue remains: when should interest begin accruing on a distributive award in an equitable distribution action?

In *Appelbe*, the trial court ordered defendant to pay plaintiff prejudgment interest on a cash award defendant was to deliver to plaintiff. The trial court's order was entered on 22 May 1984. On appeal, defendant contended plaintiff was not entitled to prejudgment interest. This court agreed with defendant, stating:

> In our opinion the court also erred in requiring defendant to pay prejudgment interest on $14,686.25 from October 4, 1981 when the parties separated, and that part of the judgment is reversed. When the parties separated plaintiff's right to any of the funds or things of value held by defendant had not been established and was not established until May 22, 1984, more than two and a half years later. The order to pay interest on any sum of plaintiff's that defendant retained *after* [emphasis in original] May 22, 1984 *when it was adjudged that those funds were hers is authorized by law* and defendant does not contest it. But no provision in the Equitable Distribution Act authorizes the payment of prejudgment interest on an equitable distribution, nor does any other statute of which we are aware.

*Id.* at 394, 333 S.E. 2d at 313 (emphasis supplied).

We find the *Appelbe* court's reasoning applicable to this case. The trial court announced its decision on 23 February 1987. Under N.C. Gen. Stat. § 1A-1, Rule 58 (1988), "where judgment is rendered

**ZORBA'S INN, INC. v. NATIONWIDE MUT. FIRE INS. CO.**

[93 N.C. App. 332 (1989)]

in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules." Therefore, judgment was entered below on 23 February 1987, and it was on that date that plaintiff was adjudged to owe defendant $144,488. Interest begins to accrue on that date. This case must be remanded for the trial court to amend the order to include interest from 23 February 1987.

Remanded.

Judges JOHNSON and PARKER concur.