MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA, Plaintiff v. GARY EUGENE MAULDIN, M.D. and SYLVA ANESTHESIOLOGY, P.A., Defendants

No. COA02-533

(Filed 1 April 2003)

**Contribution— prejudgment interest—contribution not compensatory**

Prejudgment interest was not available for a contribution award, even though the underlying award was designated as compensatory (a requirement for prejudgment interest), because contribution derives from equitable remedies and is not the equivalent of compensatory damages. N.C.G.S. § 24-5(b).

Appeal by plaintiff from judgment entered 14 February 2002 by Judge James U. Downs in Superior Court in Macon County. Heard in the Court of Appeals 8 January 2003.

*Roberts & Stevens, P.A., by James W. Williams and Dennis L. Martin, Jr., for plaintiff-appellant.*

*Wade E. Byrd and Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Stephen B. Williamson, for defendant-appellees.*

HUDSON, Judge.

This case arises out of a wrongful death suit in which Mary E. Houston, administratix of the Estate of Donald Gordon Houston, alleged that Mr. Houston died as a result of the negligence of Dr. John

Erdman, Dr. Gary Mauldin, and Sylva Anesthesiology. After a jury verdict in favor of the plaintiff, the court entered judgment against all defendants as joint tortfeasors in the amount of $725,000.00 in compensatory damages plus interest at the legal rate of eight percent accruing from the date the lawsuit was filed. All defendants appealed.

In August 1994, while the appeal was pending, St. Paul Insurance Company ("St. Paul"), the professional liability insurance carrier for Dr. Mauldin and Sylva Anesthesiology (hereafter "appellees"), entered into a settlement agreement with the Houston estate. In that agreement, St. Paul agreed to pay $225,000 to settle the estate's claims against the appellees, the estate agreed not to enforce the judgment against the appellees, and the estate agreed that "payment constitutes a full release and discharge of all monies owing or which might be owing . . ." by reason of the judgment. The settlement agreement was approved by the trial court, apparently outside the district and without notice to Dr. Erdman or his liability carrier, appellant Medical Mutual Insurance Company of North Carolina ("Medical Mutual"). The appellees withdrew their appeal shortly thereafter.

In October 1996, this Court rendered its decision in which it found no error in the trial and remanded the case on the issue of costs. *Houston v. Douglas*, 124 N.C. App. 230, 477 S.E.2d 97 (1996), *disc. review denied*, 345 N.C. 342, 483 S.E.2d 167 (1997). Then, in April 1997, Medical Mutual, on behalf of its insured, Dr. Erdman, paid $692,168.80 in full payment of the principal amount of the judgment and accrued interest, less the amount previously paid by St. Paul. Having become subrogated to Dr. Erdman's rights to contribution, if any, Medical Mutual in June 1997 sued the appellees for contribution to recover the amount paid in excess of its pro rata share. The trial court granted summary judgment in favor of the appellees, concluding that Medical Mutual was not entitled to contribution because the appellees' post-judgment settlement extinguished Medical Mutual's contribution rights. Medical Mutual again appealed to this Court.

This court reversed. *Medical Mut. Ins. Co. v. Mauldin*, 137 N.C. App. 690, 529 S.E.2d 697 (2000). We explained that the purpose of the Uniform Contribution Among Tortfeasors Act, N.C. Gen. Stat. § 1B-1 et seq., was to "distribute the burden of responsibility equitably among those who are jointly liable." *Id.* at 697, 529 S.E.2d at 701. The Act

> does not permit one of multiple torfeasors to avoid liability for contribution to other joint tortfeasors by a settlement, after judg-

ment, for less than his pro rata share of the judgment. To hold otherwise would allow an allocation of liability among joint tort-feasors to be decided by the injured party and permit a dispro-portionate share of the injured party's recovery to be inequitably borne by less than all of the parties equally responsible under the law, the very dangers the Uniform Contribution Among Tortfeasors Act was designed to prevent.

*Id.* at 700, S.E.2d at 703.

The Supreme Court then heard the matter on discretionary review. With one justice not participating, three members of the Court voted to affirm the Court of Appeals decision, while three voted to reverse. *Medical Mut. Ins. Co. v. Mauldin*, 353 N.C. 352, 543 S.E.2d 478 (2001). As a result, the Court of Appeals decision was left un-disturbed but without precedential value, *id.*, and remanded to the superior court for further proceedings.

In the superior court, all parties agreed that appellees owed Medical Mutual $233,584.40, a sum that represented the rest of appellees' pro rata share of the contribution award, including the interest awarded thereon. Medical Mutual also argued, however, that it was entitled to prejudgment interest on the $233,584.40 from April 30, 1997, the date it satisfied the underlying judgment. The court disagreed and, on February 14, 2002, denied Medical Mutual's request for prejudgment interest, finding that an "action for contribu-tion is derivative and based upon principles of equity and falls with-in neither of the categories specified in N.C.G.S. 24-5 that allow for prejudgment interest."

Medical Mutual appeals, and, for the reasons set forth below, we affirm.

ANALYSIS

Medical Mutual argues that it is entitled to interest on the amount that it paid in excess of its pro rata share of the underlying contribu-tion award. In Medical Mutual's view, because the award in the un-derlying action was designated by the finder of fact (the jury) as compensatory damages, the contribution that Medical Mutual recov-ered in the trial court likewise constitutes compensatory damages for purposes of N.C. Gen. Stat. § 24-5.

We disagree. The statute addressing prejudgment interest, N.C. Gen. Stat. § 24-5(b) (2001), indicates in pertinent part that "[i]n an

action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied." "Where the language of a statute is clear and unambiguous, there is no room for judicial construction[,] and the courts must give [the statute] its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574-75, 573 S.E.2d 118, 121 (2002) (citation and quotation marks omitted). Accordingly, for Medical Mutual to receive prejudgment interest pursuant to § 24-5, it must demonstrate (1) that the judgment below is compensatory damages and (2) that the superior court designated the damages as compensatory damages.

This Medical Mutual cannot do. First, the trial court did not designate any portion of the judgment as compensatory damages. Second, an award of contribution is not the equivalent of compensatory damages. Contribution, unlike compensatory damages, originated as an equitable remedy. *Harvey v. Oettinger*, 194 N.C. 483, 484, 140 S.E. 86, 87 (1927). Whereas compensatory damages denote "damages in satisfaction of, or in recompense for, loss or injury sustained" (*Dobrowolska v. Wall*, 138 N.C. App. 1, 12, 530 S.E.2d 590, 598 (2000)), contribution under our statute is a form of restitution that distributes the burden of payment among joint obligors. *Medical Mut. Ins. Co. v. Mauldin*, 137 N.C. App. 690, 697-98, 529 S.E.2d 697, 701 (2000), *affirmed*, 353 N.C. 352, 543 S.E.2d 478, *reh'g denied*, 353 N.C. 456, 548 S.E.2d 527 (2001).

This court has held repeatedly that equitable remedies which require the payment of money do not constitute compensatory damages as set forth in N.C. Gen. Stat. § 24-5(b). In *Hieb v. Lowery*, 134 N.C. App. 1, 516 S.E.2d 621, *disc. review denied*, 351 N.C. 103, 541 S.E.2d 144 (1999), a workers' compensation carrier held a statutory lien against proceeds of a claimant's recovery from a third-party tortfeasor. Because the lien was neither an action in contract nor an amount designated by the finder of fact as compensatory damages but rather a statutory claim based upon the codification of an equitable remedy, we held that the trial court erred in awarding prejudgment interest. *Id.* at 19-20, 516 S.E.2d at 632-33; *see also Applebe v. Applebe*, 76 N.C. App. 391, 394, 333 S.E.2d 312, 313 (1985) (trial court erred in awarding prejudgment interest in equitable distribution action because prejudgment interest under 24-5(b) is "limited to sums due by contract and to sums designated by the jury or other fact

finder as compensatory damages in certain non-contract cases; but the sum involved here is neither due plaintiff by contract, nor is it compensatory damages"). Likewise, here, even though the underlying judgment awarded compensatory damages, the apportionment of that judgment among the tortfeasors did not. Thus, we agree with the trial court that this action for contribution is derivative and based upon the codification of equitable principles and that prejudgment interest was properly denied.

Affirmed.

Judges MARTIN and STEELMAN concur.