SAFECO INSURANCE COMPANY,
Plaintiff–Appellant,

v.

WESTPORT INSURANCE CORP. and
Horace Mann Insurance Company,
Defendants–Appellees.

No. 05CA2389.

Colorado Court of Appeals,
Div. I.

May 31, 2007.

Anstine, Hill, Richards & Simpson, Jeffrey J. Richards, Denver, Colorado, for Plaintiff–Appellant.

James R. Alvillar and Associates, James R. Alvillar, Leila J. Reilly, Grand Junction, Colorado, for Defendant–Appellee Westport Insurance Corp.

Harris, Karstaedt, Jamison & Powers, P.C., Jamey W. Jamison, Christopher M. Gorman, Englewood, Colorado, for Defendant–Appellee Horrace Mann Insurance Company.

Opinion by Judge TAUBMAN.

Plaintiff, Safeco Insurance Company, appeals the summary judgment entered in favor of defendants, Horace Mann Insurance Company and Westport Insurance Corp., holding Safeco's claim for pro rata contribution of insurance benefits was time barred because it did not demand mandatory arbitration within the applicable one-year statute of limitations under the No–Fault Act. We reverse and remand for further proceedings.

This case arises from a thirty-five-car chain reaction accident occurring on I–70 as a result of dense fog descending over the highway. Three of the vehicles involved in that accident are relevant to this case. Safeco's insured stopped her automobile on the highway and exited her vehicle. Horace Mann's insured was driving behind Safeco's insured and initially stopped his vehicle short of hitting her. Westport insured a Budweiser delivery truck that was unable to stop before it collided with the rear of the vehicle of Horace Mann's insured, which in turn collided with Safeco's insured, causing her serious injuries.

Safeco paid its insured the maximum amount of personal injury protection (PIP) benefits available under her policy, $131,210. More than one year later, Safeco brought this declaratory judgment action for contribution against Horace Mann and Westport pursuant to the former Auto Accident Reparations Act (No–Fault Act), Colo. Sess. Laws 1973, ch. 94, § 13–25–1, et seq., at 334 (formerly codified as amended at § 10–4–701, et seq.; repealed effective July 1, 2003, Colo. Sess. Laws 2002, ch. 189, § 10–4–726 at 649).

In a detailed ruling, the trial court granted defendants' motions for summary judgment. It reasoned that Safeco's declaratory judgment claim for contribution under former § 10–4–707(3), was more properly construed under former § 10–4–713(2)(a), as a direct action for subrogation from an accident involving a nonprivate passenger motor vehicle and, therefore, was subject to the mandatory arbitration and one-year statute of limitations imposed on such direct actions by former § 10–4–717. Because Safeco did not make a demand for mandatory arbitration or file its claim within one year of first paying benefits, the trial court granted summary judgment against Safeco.

This case involves an issue of statutory interpretation which we review de novo. *Zab, Inc. v. Berenergy Corp.*, 136 P.3d 252 (Colo.2006). More specifically, this case hinges upon the applicability of three provisions of the No–Fault Act. Section 10–4–707(3) established the order in which two or more insurers were to pay benefits when they were obligated to do so. Section 10–4–713(2)(a) provided an exception to the No–Fault Act's general disallowance of tort actions and permitted a direct action for PIP

benefits by an insurer of a private passenger motor vehicle against the owner or operator of a nonprivate passenger motor vehicle. Thus, if § 10–4–713(2)(a) applies to this case, the mandatory arbitration provision and one-year statute of limitations of § 10–4–717 also apply. We therefore embark on interpreting this rather complex statutory configuration.

In construing a statute, we look first to its plain language, always striving to give effect to the General Assembly's intent and chosen legislative scheme. *Sooper Credit Union v. Sholar Group Architects, P.C.*, 113 P.3d 768, 771 (Colo.2005). We must consider the statutory scheme as a whole in an effort to give consistent, harmonious, and sensible effect to all its parts. *Gumina v. City of Sterling*, 119 P.3d 527, 530 (Colo.App. 2004).

Summary judgment is appropriate when the pleadings and supporting documents clearly demonstrate that no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); *Progressive Specialty Ins. Co. v. Hartford Underwriters Ins. Co.*, 148 P.3d 470, 472 (Colo.App.2006).

Safeco contends the trial court erred in holding its claim was time barred because, it asserts, the mandatory arbitration and one-year statute of limitations provisions of § 10–4–717 do not apply to its claim for pro rata contribution pursuant to § 10–4–707(3). We agree.

Safeco brought this action pursuant to § 10–4–707(3), which provided:

[I]n the event two or more insurers have obligations under complying policies to pay benefits to the same person, the limits of coverage available as benefits to such person shall be the limits of a single complying policy except to the extent that optional coverages purchased for additional premiums on a voluntary basis are applicable. In the event two or more insurers are liable to pay benefits on the same basis, any insurer paying benefits shall be entitled to *an equitable pro rata contribution from such other insurer.*

Colo. Sess. Laws 1973, ch. 94, § 13–25–7(3) at 337 (emphasis added).

Section 10–4–713(2)(a) stated:

[W]here a motor vehicle accident involves a private passenger motor vehicle, a public school vehicle designed to transport seven or more passengers, and a nonprivate passenger motor vehicle, the insurer of the private passenger motor vehicle or the insurer of the vehicle designed to transport seven or more passengers shall have a direct cause of action for all benefits actually paid by such insurer under section 10–4–706(1)(b) to (1)(e) or alternatively, as applicable, section 10–4–706(2) or (3) *against the owner, user, or operator of the nonprivate passenger motor vehicle or against any person or organization legally responsible for the acts or omissions of such owner, user, or operator ....*

Colo. Sess. Laws 1995, ch. 48 at 135 (emphasis added).

Section 10–4–717 provided in relevant part:

(1)Every insurer licensed to write motor vehicle insurance in this state shall be deemed to have agreed, as a condition to maintaining such license after January 1, 1974:

(a) That, *where its insured is or would be held legally liable under the provisions of section 10–4–713(2)* for the benefits paid by another insurer ... it will reimburse such other insurer to the extent of such benefits ... and

(b) That the issue of liability for such reimbursement and the amount thereof shall be decided by mandatory, binding intercompany arbitration procedures approved by the commissioner....

(3) Notwithstanding any statute of limitations to the contrary, any demand for initial arbitration proceedings shall be brought within one year of the first payment of any of the benefits described [in former § 10–4–706(1)–(3) ] by the insurer claiming for reimbursement.

Colo. Sess. Laws 1995, ch. 48, § 10–4–717(1)(a), (3) at 136 (emphasis added); Colo. Sess. Laws 1973, ch. 94, § 13–25–17(1)(c) at 342 (subsequently codified at § 10–4–717(1)(b) ).

Thus, while § 10–4–707(3) referred to "an equitable pro rata contribution," § 10–4–707(3) did not use the term "subrogation." Nevertheless, § 10–4–713(2)(a) has been interpreted as a provision concerning subrogation claims. *See Farmers Ins. Exch. v. Bill Boom Inc.*, 961 P.2d 465, 471–72 (Colo.1998); *Reg'l Transp. Dist. v. Aurora Pub. Schs.*, 45 P.3d 781, 782 (Colo.App.2001).

This interpretation is consistent with the definition of subrogation, which means the substitution of another person in the place of a creditor, so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. *See Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 833 (Colo.2004); *Trevino v. HHL Fin. Servs., Inc.*, 945 P.2d 1345, 1348 (Colo.1997) (in context of insurance, subrogee-insurer pays for the insured's injuries at the outset and as a result succeeds to the insured's rights against the tortfeasor for reimbursement of the amount paid).

 Thus, because § 10–4–713(2)(a) applies to an action against a tortfeasor, it is a subrogation provision. In contrast, § 10–4–707(3) by its terms applies to a contribution action against another insurer and does not concern subrogation. *See Hartford Cas. Ins. Co. v. Mt. Hawley Ins. Co.*, 123 Cal.App.4th 278, 287, 20 Cal.Rptr.3d 128, 135 (2004)(discussing difference between subrogation and contribution claims).

By its terms, the mandatory arbitration provision and statute of limitations of § 10–4–717 only applied to situations where an insurer would be held legally liable under § 10–4–713(2). Section 10–4–717 excluded by omission declaratory judgment actions brought pursuant to § 10–4–707. *See Zab, Inc. v. Berenergy Corp., supra*, 136 P.3d at 261 (expressio unius est exclusio alterius).

Here, Safeco followed the proper procedure to seek contribution *from another insurer* by first paying its insured the full amount of PIP benefits and subsequently filing a declaratory judgment action for equitable pro rata contribution against other liable insurers—the defendants here. *See Midwest Mut. Ins. Co. v. Murry*, 971 P.2d 295, 298 (Colo.App.1998).

Contrary to the trial court's conclusion, Safeco did not bring a direct subrogation action against defendants. Therefore, § 10–4–713(2)(a) does not apply to this case. Consequently, the mandatory arbitration provision and one-year statute of limitations under § 10–4–717 do not apply to Safeco's claim pursuant to § 10–4–707(3).

The summary judgment is reversed, and the case is remanded for reinstatement of Safeco's action.

Judge MÁRQUEZ and Judge J. JONES concur.