SAFECO INSURANCE COMPANY,
Plaintiff–Appellant,

v.

WESTPORT INSURANCE CORPORA-
TION and Horace Mann Insurance
Company, Defendants–Appellees.

No. 08CA1961.

Colorado Court of Appeals,
Div. A.

July 9, 2009.

Anstine, Hill, Richards and Simpson, Jeffrey J. Richards, Denver, Colorado, for Plaintiff–Appellant.

James R. Alvillar and Associates, James R. Alvillar, Grand Junction, Colorado, for Defendant–Appellee Westport Insurance Corporation.

Harris, Karstaedt, Jamison & Powers, P.C., Jamey W. Jamison, A. Peter Gregory, Christopher M. Gorman, Englewood, Colorado, for Defendant–Appellee Horrace Mann Insurance Company.

Opinion by Judge WEBB.

This case requires us to decide an unresolved question of Colorado law: whether prejudgment interest under section 5–12–102(1), C.R.S.2008, is recoverable in an insurer's equitable contribution action under former section 10–4–707(3) of the sunsetted Colorado No–Fault Act. Because we conclude that prejudgment interest is recoverable, we reverse that portion of the judgment and remand to determine and award prejudgment interest.

## I. Background

After plaintiff, Safeco Insurance Company, paid Personal Injury Protection (PIP) benefits to its insured in connection with a 2001 multi-vehicle accident, it demanded contribution from defendants, Westport Insurance Corporation and Horace Mann Insurance Company, whose insureds were also involved.

When defendants did not comply, Safeco brought this statutory contribution action. On remand from *Safeco Ins. Co. v. Westport Ins. Corp.,* 166 P.3d 251 (Colo.App.2007)(*Safeco I* ), the trial court entered summary judgment for Safeco holding each defendant responsible for one-third of Safeco's $131,210.00 payment, but denied without explanation Safeco's request for prejudgment interest.

## II. Law

Under former section 10–4–707(3), "In the event two or more insurers are liable to pay benefits on the same basis, any insurer paying benefits shall be entitled to an equitable pro rata contribution from such other insurer." Ch. 94, sec. 1, § 13–25–7(3), 1973 Colo. Sess. Laws 337 (subsequently codified at § 10–4–707(3) until entire No–Fault Act repealed effective July 1, 2003). This section does not mention recovery of either prejudgment or postjudgment interest.

In pertinent part, section 5–12–102(1) provides, "creditors shall receive interest ... (a) When money or property has been wrongfully withheld ... from the date of wrongful withholding ... to the date judgment is entered." *See generally Westfield Dev. Co. v. Rifle Inv. Assocs.,* 786 P.2d 1112, 1122 (Colo. 1990) (section 5–12–102 "is to be given a broad liberal construction in order to effectuate the legislative purpose of compensating parties for the loss of money or property to which they are entitled").

Although the phrase "wrongfully withheld" is not defined in section 5–12–102, numerous cases recognize the General Assembly's intent to compensate an innocent party for the time value of money owed to that party. *See, e.g., Goodyear Tire & Rubber Co. v. Holmes,* 193 P.3d 821, 827 (Colo.2008) (" 'wrongful withholding' occurs when plaintiff's injury is measured because the damages, if then paid, would make the plaintiff whole"); *see also South Park Aggregates, Inc. v. Northwestern Nat'l Ins. Co.,* 847 P.2d 218, 227 (Colo.App. 1992) (quoting legislative history).

Statutory interpretation is a question of law subject to de novo review. *Francis ex rel. Goodridge v. Dahl,* 107 P.3d 1171, 1176 (Colo.App.2005). When interpreting statutes, our task is to ascertain and give effect to the intent of the General Assembly. *Id.* To determine that intent, we look to the statutory language, giving words or phrases their commonly accepted meaning. *Id.* If that language is unambiguous, we look no further. *USA Tax Law Ctr., Inc. v. Office Warehouse Wholesale, LLC,* 160 P.3d 428, 431 (Colo.App.2007).

## III. Analysis

■ In *Safeco I,* 166 P.3d at 254, the division held that "Safeco followed the proper procedure to seek contribution *from another insurer* by first paying its insured the full amount of PIP benefits and subsequently filing a declaratory judgment action for equitable pro rata contribution against other liable insurers." (Emphasis in original.) Thus, the trial court's remand holding that each defendant is "required to pay, and is responsible for, one-third of [Safeco's payment]" established that defendants had wrongfully withheld money from Safeco within the meaning of section 5–12–102(1). This defendants do not dispute.

Instead, they assert that the trial court properly declined to award prejudgment interest under section 5–12–102(1) because interest is not mentioned in former section 10–4–707(3), but is provided for in former section 10–4–708(1.8) (insured may obtain interest of eighteen per cent per annum on unpaid benefits "from the date the benefits recovered were due"). Ch. 203, sec. 1, 1991 Colo. Session Laws 1187. According to defendants, because the General Assembly "certainly knew how to deal with interest in this area ... we cannot infer that it was through mere inadvertence that it failed to provide for the interest that [Safeco] seeks." *See Husson v. Meeker,* 812 P.2d 731, 732 (Colo. App.1991). But *Husson* is distinguishable. The statute there prohibited the insurer from recovering "any sum in excess of the amount of compensation for which said carrier is liable." *Id.* (quoting former § 8–52–108(1), which was repealed effective July 1, 1990). Here, however, former section 10–4–707(3) sets no cap on the amount the insurer seeking contribution is entitled to receive.

■ Furthermore, one of the purposes of the No–Fault Act is "to ensure prompt payment of benefits when due." *Nat'l Farmers Union Prop. & Cas. Co. v. Estate of Mosher,* 22 P.3d 531, 534 (Colo.App.2000). But denying a primary PIP carrier prejudgment interest in a successful statutory contribution action could discourage such carriers from promptly paying PIP benefits to their insureds, pending resolution of other insurers' obligations.

Moreover, denying prejudgment interest here would be unjust because while Safeco "followed the proper procedure," *Safeco I,* 166 P.3d at 254, the trial court's ruling caused Safeco to lose several years' time value on defendants' share of the PIP payments. *See* § 2–4–201(1)(c), C.R.S.2008 (intent to affect "[a] just and reasonable result" is presumed); *Clyncke v. Waneka,* 157 P.3d 1072, 1077 (Colo.2007).

Additionally, subordinating the mandate of section 5–12–102(1) that prejudgment interest "shall" be awarded where money has been wrongfully withheld to the silence of former section 10–4–707(3) concerning interest would violate the principle that a court should strive for a harmonious interpretation which avoids conflict between statutes. *See, e.g., Dawson v. Reider,* 872 P.2d 212, 221 (Colo.1994).

We also reject defendants' argument that because section 5–12–102 "codif[ies] the doctrine of moratory interest in contract and property damage cases," *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 133 (Colo.2005), it does not apply to an equitable action such as contribution. *Cf. Med. Mut. Ins. Co. v. Mauldin,* 157 N.C.App. 136, 139, 577 S.E.2d 680, 682 (2003) (rejecting under state's interest statute prejudgment interest because "an award of contribution is not the equivalent of compensatory damages.").

■ Because contribution prevents unjust enrichment, *Colo. Dep't of Transp. v. Brown Group Retail, Inc.,* 182 P.3d 687, 691 (Colo. 2008), this argument is foreclosed by *Martinez v. Continental Enterprises,* 730 P.2d 308, 317 (Colo.1986), where the supreme court held:

When a court appropriately applies the doctrine of unjust enrichment, the unjustly enriched party is generally liable for interest on the benefits received. D. Dobbs, *The Law of Remedies* § 3.5 (1973). Failure to award such interest would result in incomplete restitution to the petitioner. We conclude, therefore, that Martinez is entitled to a credit for the reasonable rental value of the property for the entire period of the respondents' possession thereof, plus interest, computed as provided by section 5–12–101, 2 C.R.S. (1973).

■ A prejudgment interest award "is necessary to avoid unjust enrichment." *Dobbs,* § 3.6(3), at 348–49. Hence, we agree that "the application of this principle is particularly well-suited to cases brought in equity insofar as it deters further wrongful delay of payment." *Polygon Northwest Co. v. Am. Nat'l. Fire Ins. Co.,* 143 Wash.App. 753, 793, 189 P.3d 777, 798 (2008) (contribution action, citing *Martinez* ).

To the extent that *Watson v. Public Service Co.,* 207 P.3d 860 (Colo.App.2008), holds otherwise, we decline to follow it here. *See Am. Family Mut. Ins. Co. v. Murakami,* 169 P.3d 192, 193 (Colo.App.2007) (one division of court of appeals not bound by the decision of another division). The division in *Watson* held that the equitable nature of back pay under section 24–34–402.5, C.R.S.2008, precludes prejudgment interest. However, *Watson* did not address *Martinez,* which we consider to be dispositive.

Finally, unlike some jurisdictions where "in equitable actions the decision whether to award prejudgment interest lies entirely in the trial court's discretion," *Taylor–McDonald v. Taylor,* 245 S.W.3d 867, 878 (Mo. Ct.App.2008), divisions of this court have treated such an award as mandatory rather than discretionary even in equitable cases. *See Wall v. Foster Petroleum Corp.,* 791 P.2d 1148, 1151 (Colo.App.1989) (" § 5–12–102 requires that prejudgment interest be awarded where, as here, money is wrongfully withheld. Consequently, such an award must be incorporated in the court's assessment of the equities"); *see also Kennedy v. Gillam Dev. Corp.,* 80 P.3d 927, 931 (Colo.App.2003) (citing *Wall* and holding, in rescission case,

"§ 5–12–102 required the trial court to award prejudgment interest").

Accordingly, we conclude that the trial court erred in refusing to award Safeco prejudgment interest under section 5–12–102(1).

## IV. Conclusion

The judgment is reversed as to the denial of prejudgment interest, it is affirmed in all other respects, and the case is remanded. On remand, the trial court may hold a hearing before determining the amount of pre-

judgment interest, and shall amend the judgment to award such interest.

Chief Judge DAVIDSON and Judge STERNBERG * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2008.