**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**John FABIANO, Defendant–Appellant.**

**No. 01–1213.**

United States Court of Appeals,
Tenth Circuit.

July 18, 2002.

---

Before HENRY and HOLLOWAY, Circuit Judges, and BRORBY, Senior Circuit Judge.

### ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-

mously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant John Fabiano appeals the district court's decision to deny him relief pursuant to his motion to vacate, set aside, or correct his sentence, filed under 28 U.S.C. § 2255. Following a hearing at which his trial attorney testified, the district court denied Mr. Fabiano's claims. This court issued a certificate of appealability on all claims. *See id.* § 2253(c). We exercise jurisdiction under 28 U.S.C. §§ 1291, 2253(a) and 2255 and affirm.

### I. Background

Mr. Fabiano was convicted of two counts of knowingly receiving visual depictions of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and acquitted of thirteen counts pertaining to transporting, receiving and possessing child pornography. He was sentenced to twenty-four months' imprisonment followed by three years' supervised release. His convictions were affirmed on direct appeal. *United States v. Fabiano,* 169 F.3d 1299 (10th Cir.1999). He then timely filed the underlying § 2255 motion.

The evidence at trial relevant to Mr. Fabiano's convictions of knowingly receiving visual depictions of child pornography showed that Mr. Fabiano participated in an internet chat room called "Preteen," in which visual images of child pornography were exchanged via e-mail among the participants. The principal method of delivery was to send images to a list of those

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

requesting to be "listed." Mr. Fabiano requested to be "listed," and his "screen names" appeared on lists of those to whom child pornography was sent, as did the screen name of the undercover investigator. The investigator testified that he received pornographic images via e-mail by being "listed" in the Preteen chat room. At trial, the jury heard testimony generally about how e-mail and images were sent and received over the internet through chat rooms.

Mr. Fabiano alleges he was denied his constitutional right to the effective assistance of counsel. He claims that both his trial attorney and his appellate counsel provided ineffective assistance. He also asserts that the government violated *Brady*'s [1] requirement that it disclose to the defense all exculpatory evidence. Lastly, Mr. Fabiano maintains that the district court deprived him of an adequate hearing on his § 2255 motion.

■ Mr. Fabiano has served his sentence to incarceration. At the time he filed his § 2255 motion, he was on supervised release. Therefore, he has met the requirement that he be "in custody" to be eligible for relief. 28 U.S.C. § 2255; *see Oyler v. Allenbrand*, 23 F.3d 292, 293–94 (10th Cir.1994) ("in custody" requirement met by federal prisoner on bond pending appeal when habeas petition filed; case not mooted by fact that petitioner completed probation because collateral consequences from conviction preserved his stake in outcome); *see also Olson v. Hart*, 965 F.2d 940, 942–43 (10th Cir.1992) ("Probationary status is sufficiently 'in custody' pursuant to [28 U.S.C. § ] 2254 to permit habeas relief."). We proceed to the merits.

## II. Standards of Review

"[W]e review the district court's legal rulings on a § 2255 motion de novo and its findings of fact for clear error." *United States v. Tush*, 287 F.3d 1294, 1296 (10th Cir.2002) (quotation omitted). Ineffective assistance of counsel claims are mixed questions of fact and law, which we review de novo. *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir.2002).

## III. Ineffective Assistance of Trial Counsel

To establish ineffective assistance of counsel, a defendant must show both that his attorney's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense and deprived him of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687–88, 691–92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ Mr. Fabiano alleges that his trial counsel was ineffective because he failed to seek discovery of the identities and the investigative materials relating to others in the Preteen chat room from which the child pornography was sent. He claims that because his convictions were based on images sent from "Heman 4321" and "BearpinSt.," his attorney should have obtained information about them. He asserts that this information could have shown whether either of the senders received a "receipt" from him via their computers. He further claims that information about whether he communicated with other chat-room participants outside of the Preteen chat room would have been relevant.

Mr. Fabiano does not challenge his trial attorney's statement that he filed a pre-trial motion requesting all *Brady* material from the government. At the hearing on the § 2255 motion, the trial attorney testified that he had not requested information

---

**1.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

about the pornography senders because he had no reason to think information about them would have been useful. Appellant's App., tab E, at 37–40.

Mr. Fabiano claims, without any evidentiary support whatsoever, that the computer records of those who sent him child pornography would have shown that he did not receive their transmissions. He has offered nothing but a bare allegation that those computers would have provided information contrary to the trial evidence that e-mail messages transmitting child pornography were sent from "Heman 4321" and "BearpinSt." to those listed, including Mr. Fabiano, and that the jury reasonably inferred that Mr. Fabiano received them. This claim is rank speculation, which is insufficient for habeas relief. *Smallwood v. Gibson*, 191 F.3d 1257, 1280 n. 14 (10th Cir.1999) ("pure speculation" cannot support habeas relief).

Mr. Fabiano also claims that information about others in the chat room could have led to alternative suspects. He has not made clear how information about others in the chat room would have been relevant to his convictions for *receiving* child pornography, which requires "knowing receipt" of child pornography. *See* 18 U.S.C. § 2252(a)(2) ("Any person who . . . knowingly receives [child pornography]. . . ."). Consequently, because the jury found "knowing receipt" by Mr. Fabiano, information about others in the chat room would have been irrelevant. Mr. Fabiano has demonstrated neither a deficient performance by his trial attorney nor prejudice.

To the extent Mr. Fabiano brings a *Brady* claim that is independent of his claim that his attorney provided ineffective assis-

tance, he did not pursue the claim in his direct appeal, and has therefore procedurally defaulted it. *United States v. Walling*, 982 F.2d 447, 448–49 (10th Cir.1992). The government did not raise the procedural-bar defense. This court may raise it sua sponte if doing so would further the interests of judicial economy. *United States v. Allen*, 16 F.3d 377, 379 (10th Cir.1994). We decline to raise procedural bar, however, "[b]ecause of the patent lack of merit in [Mr. Fabiano's] contentions." *Id.* On the merits of the *Brady* claim, there has been no showing that the evidence was exculpatory or that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 281, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (quotation omitted). *See id.* at 281–82 (identifying three components of *Brady* claim: evidence is favorable to defendant, prosecution suppressed evidence, and defendant was prejudiced); *accord Romano v. Gibson*, 239 F.3d 1156, 1171 (10th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 624, 151 L.Ed.2d 545 (2001).

■ Next, Mr. Fabiano complains that his trial attorney did not obtain a computer expert to examine the two computers seized from his home.[2] He says that such an expert could have ascertained what items were in his computers' "recycle bins" and what was deleted or "overwritten." He has not demonstrated how this information would have been helpful to his case, or even relevant. In fact, the prosecutions' expert witness in the field of computers testified that Mr. Fabiano's computers contained only one image of child pornography, and that the image had been delet-

---

**2.** Mr. Fabiano alleges that the government denied him access to his computers after they were seized pursuant to a search warrant. The record supports the government's posi-

tion that, while it declined to give him possession of the computers, it agreed to make them physically available for examination.

ed. Furthermore, Mr. Fabiano was acquitted on the count pertaining to that deleted image. We perceive no constitutionally deficient attorney performance or prejudice in failing to obtain an expert to examine Mr. Fabiano's computers.

■ Mr. Fabiano also maintains that his trial attorney rendered constitutionally ineffective assistance because he did not engage an expert in the use of the internet to testify about "the plethora of problems associated with receipt of e-mail." Appellant's Br., at 15. Mr. Fabiano claims such an expert could have explained how fallible e-mail was and demonstrated that even if a message was sent to Mr. Fabiano, he did not necessarily receive it. He claims that the prosecution's uncontradicted evidence was that if the government investigators received the pornographic images on their computer, then Mr. Fabiano necessarily also received them on his computer.

The record shows, however, that this evidence was clearly controverted by the defense. Defense counsel elicited testimony that one could be sent an e-mail message and not open it and if the e-mail message was not opened within a month, it was automatically deleted. *See, e.g.,* Appellee's App. vol. III, at 568. Defense counsel also adduced evidence that there was no direct proof that Mr. Fabiano opened the e-mail messages containing child pornography. *See id.* at 568–69. In addition, defense counsel effectively established that neither of the images for which Mr. Fabiano was convicted was found on either of the seized computers or the discs seized with the computers. Thus, his trial counsel adduced the very evidence that Mr. Fabiano claims was crucial to his defense. Of course, the jury was not required to believe or accept this evidence as conclusive and it was free to consider the evidence against Mr. Fabiano. The general claim that an unidentified expert could

have testified that any number of internet problems could have prevented him from receiving e-mail messages is too speculative to support habeas relief. *Smallwood,* 191 F.3d at 1280 n. 14. Accordingly, we hold that trial counsel's performance was not deficient and Mr. Fabiano was not prejudiced.

## IV. Ineffective Assistance of Appellate Counsel

The *Strickland* standards set forth above for assessing trial counsel's services also apply when assessing the effectiveness of appellate counsel. *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995). "When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." *Neill v. Gibson,* 278 F.3d 1044, 1057 (10th Cir.2001), *petition for cert. filed,* —— U.S.L.W. —— (U.S. May 6, 2002) (No. 01–10121).

■ Mr. Fabiano was represented on direct appeal by a different attorney than his trial counsel. He asserts that his appellate attorney provided constitutionally ineffective assistance because she failed to raise on appeal the following two issues: (1) prosecutorial misconduct, based on the prosecutor's remarks about forty additional images that Mr. Fabiano transmitted for which he was not charged with crimes, and (2) insufficiency of the evidence to convict him on the "receiving" charges.

Prosecutorial misconduct claims present mixed questions of fact and law, so are reviewed de novo. *Fero v. Kerby,* 39 F.3d 1462, 1473 (10th Cir.1994). "In determining whether a petitioner is entitled to federal habeas relief for prosecutorial misconduct, it must be determined whether there was a violation of the criminal defendant's federal constitutional rights which so infected the trial with unfairness as to make the resulting conviction a denial of due

process." *Id.* We review the prosecutor's remarks in the context of the evidence against the defendant, we evaluate any curative instructions given by the trial judge to determine if they likely mitigated the effect of any improper statements, and we inquire whether the remarks were in response to issues raised by the defense. *Id.* at 1474. Our ultimate determination is whether the prosecutor's remarks would have affected the jury's ability fairly to judge the evidence. *Id.*

Here, the trial judge consistently sustained defense objections to the introduction of the forty uncharged images and repeatedly instructed the jury that Mr. Fabiano could not be convicted for any pictures not included in the formal charges against him. The trial judge also instructed the jury to disregard the prosecutor's reference to those pictures during closing argument. We presume the jury followed those instructions, as well as the general instruction that Mr. Fabiano could not be convicted for any act not charged in the indictment, *e.g.*, Appellee's App. vol. III, at 642. We have considered the evidence against Mr. Fabiano. Under the circumstances, we cannot conclude that the prosecutor's remarks, while improper, denied Mr. Fabiano a fair trial or abrogated his right to due process. *See Fero,* 39 F.3d at 1474.

■ Mr. Fabiano next asserts that his appellate attorney should have argued there was not sufficient evidence to convict him on the "receiving" charges. He argues that he could not have been convicted of "receiving" and simultaneously have been acquitted of "possessing" child pornography absent evidence that he deleted the images of child pornography from his computer files. Rather than stating a claim that the evidence was insufficient, however, this argument alleges that the jury's verdicts were inconsistent. Incon-

sistent verdicts do not provide a basis for relief. *United States v. Powell,* 469 U.S. 57, 68–69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *United States v. Abbott Washroom Sys., Inc.,* 49 F.3d 619, 623 (10th Cir.1995). Moreover, in Mr. Fabiano's direct appeal, this court reviewed the record and found "ample evidence to support the jury's verdict that [he] was guilty of knowingly receiving visual depictions of minors engaged in sexually explicit conduct," thus rejecting the claim of insufficient evidence. *Fabiano,* 169 F.3d at 1305.

We hold that Mr. Fabiano failed to establish that appellate counsel's decision to exclude these issues on appeal was objectively unreasonable, and that if the issues had been raised, there is a reasonable probability that he would have prevailed on appeal. *See Neill,* 278 F.3d at 1057. Therefore, he has not demonstrated that his appellate counsel provided constitutionally ineffective assistance.

### V. *Hearing on § 2255 Motion*

■ In his appellate briefs, Mr. Fabiano characterizes this claim as the denial of a fair hearing before the district court on the ground that he was denied an opportunity to obtain evidence. In fact, the challenged ruling was the denial of his request for a continuance of the hearing. The district court's control of its docket, including rulings on requests for continuances, is within the sound discretion of the district court, and we review those decisions only for an abuse of discretion. *United States v. Nicholson,* 983 F.2d 983, 988 (10th Cir.1993).

Mr. Fabiano's request for a continuance was presented two days before the scheduled hearing and the reason for a continuance was to permit him to subpoena a witness. His attorney admitted that he knew of the witness well in advance of the hearing, but had not obtained a subpoena

earlier because he anticipated the witness's voluntary appearance at the hearing.

The absent witness apparently would have produced records pertaining to other participants in the Preteen chat room. Mr. Fabiano's § 2255 counsel did not inform the district court what those records would show, except to claim generally that they contained information about those who transmitted the child pornography Mr. Fabiano was convicted of receiving. Counsel represented that he "suspected" that the senders' computer records would not show any direct conversations or interchange between them and Mr. Fabiano, but only that Mr. Fabiano's name was included on lists of those to whom pictures were sent. Appellant's App. tab E, at 8–9. Given our conclusion that information about others in the chat room was irrelevant to Mr. Fabiano's convictions for *receiving* child pornography, even if this evidence existed, it was irrelevant. Moreover, the district court noted that the case had already been continued for four months beyond the original hearing date, giving counsel ample time to prepare. In addition, the court is charged with holding "a prompt hearing." 28 U.S.C. § 2255. The district court did not abuse its discretion in denying Mr. Fabiano's request for a continuance.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

* After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

** This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.