John **FABIANO**, Plaintiff–Appellant,

v.

William **ARMSTRONG** and the Colorado Bureau of Investigation, Defendants–Appellees.

No. 04CA2552.

Colorado Court of Appeals, Div. A.

Jan. 26, 2006.

Rehearing Denied March 16, 2006.

Certiorari Denied Sept. 11, 2006.*

* Justice EID does not participate.

Willett & Mestas, LLC, Jonathan S. Willett, Denver, Colorado, for Plaintiff–Appellant.

John W. Suthers, Attorney General, John A. Lizza, Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

NIETO **, J.

In this declaratory judgment and C.R.C.P. 106 action, plaintiff, John Fabiano, appeals the judgment in favor of defendants, the Colorado Bureau of Investigation (CBI) and William Armstrong, in his official capacity as the CBI agent charged with responsibility for maintaining the state sex offender registry. We affirm.

The facts are not in dispute. Plaintiff was convicted in the United States District Court for the District of Colorado of two counts of knowing receipt (via the internet) of a visual depiction of a minor engaged in sexually explicit conduct. See 18 U.S.C. § 2252(a)(2). The conduct that resulted in these convictions occurred at different times of day on September 10, 1996. Plaintiff was acquitted of other counts alleging receipt and transmission of images of minors engaging in sexually explicit sexual conduct, specifically: ten counts of violating 18 U.S.C. § 2252(a)(2) at various times on August 2, October 24, and

October 27, 1996; and two counts of violating 18 U.S.C. § 2252(a)(1) at various times on October 24, 1996. Plaintiff was also acquitted of one count of violating 18 U.S.C. § 2252(a)(4)(b), alleging that on December 11, 1996, he knowingly possessed computer files and other matter containing visual depictions of minors engaging in sexually explicit conduct.

The following facts related to plaintiff's convictions are gleaned from his two federal appeals. Plaintiff participated in an internet chat room in which participants discussed and exchanged visual images of child pornography via e-mail. The principal method of delivering the images was to send them to participants who were "listed" in the chat room. Plaintiff requested to be "listed," and on September 10, 1996 he received two e-mail messages containing images of children engaged in sexual acts. Thereafter, he continued to log on to the chat room. *United States v. Fabiano,* 42 Fed.Appx. 408 (10th Cir.2002); *United States v. Fabiano,* 169 F.3d 1299 (10th Cir.1999).

The CBI subsequently determined that plaintiff was statutorily obligated to register with the state sex offender registry because of his federal convictions. Plaintiff challenged that determination by filing this petition for relief pursuant to C.R.C.P. 106 or, alternatively, for declaratory judgment.

The trial court ruled, based on uncontested facts, that plaintiff was obligated to register as a sex offender. Accordingly, the court denied relief, and this appeal followed.

I.

Plaintiff contends that the trial court erred by concluding that his federal convictions for knowing receipt of child pornography obligate him to register as a sex offender. He argues that he was convicted of knowingly receiving prohibited sexual material but acquitted of possessing such material. Therefore, he argues, his federal convictions cannot constitute the offense of

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

possession or control of sexually exploitative material. We disagree.

■ The trial court's ruling was based entirely on a statutory interpretation. Therefore, our review is de novo. *Medina v. State,* 35 P.3d 443, 453 (Colo.2001).

Section 16–22–108(1)(a), C.R.S.2005, provides that "[e]ach person who is required to register [as a sex offender] pursuant to section 16–22–103 shall register with the local law enforcement agency in each jurisdiction in which the person resides."

Section 16–22–103(1)(b), C.R.S.2005, requires sex offender registration by, among others, "[a]ny person who was convicted on or after July 1, 1991, in another state or jurisdiction, including but not limited to a military or federal jurisdiction, of an offense that, if committed in Colorado, would constitute an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S."

Sexual exploitation of a child as defined in § 18–6–403, C.R.S.2005, is one of the offenses listed in § 18–3–411(1), C.R.S.2005.

The federal statute under which plaintiff was convicted provides, in relevant part, that a person commits a crime if he

knowingly receives, or distributes, any visual depiction that has been mailed, or has been shipped or transported in interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution in interstate or foreign commerce or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

(B) such visual depiction is of such conduct.

18 U.S.C. § 2252(a)(2).

The trial court reasoned that a person who committed the federal offense for which plaintiff was convicted would, if the conduct occurred in Colorado, also commit "sexual exploitation of a child, as described in § 18–6–403," which is one of the offenses enumerated in § 18–3–411(1). We agree with the trial court's conclusion.

"A person commits sexual exploitation of a child if, for any purpose, he or she knowingly ... [p]ossesses or controls any sexually exploitative material for any purpose." Section 18–6–403(3)(b.5), C.R.S.2005. "Sexually exploitative material" is defined as "any photograph, motion picture, videotape, print, negative, slide, or other mechanically, electronically, chemically, or digitally reproduced visual material that depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." Section 18–6–403(2)(j), C.R.S.2005.

According to plaintiff, his federal conviction for knowing receipt of a visual depiction of a minor engaged in sexually explicit conduct does not necessarily constitute the Colorado offense of sexual exploitation of a child because the federal offense can be committed without possessing the sexually explicit materials, and possession or control is a necessary element of the Colorado offense. In support of this claim, plaintiff notes that the jury that found him guilty of knowing receipt of a visual depiction of a minor engaged in sexually explicit conduct also acquitted him of a separate charge of possession of a visual depiction of a minor engaged in sexually explicit conduct. We are not persuaded.

We conclude, as a matter of law, that a person convicted of violating 18 U.S.C. § 2252(a)(2) has engaged in conduct that, if committed in Colorado, would constitute sexual exploitation of a child in violation of § 18–6–403(3)(b.5) and is, therefore, subject to the registration requirement of § 16–22–103(1)(b).

Under the particular circumstances here, we reject plaintiff's argument that he could have received the child pornography in a "fleeting" manner that would not constitute "possession" of the material. We acknowledge that receipt of an unsolicited e-mail containing previously unknown material that is immediately deleted from the receiver's computer may not constitute possession of the material in the e-mail. However, the idea of nonpossessory receipt is inherently illogical where as here, plaintiff requested the e-mail and knew in advance the nature of its contents.

As relevant here, the word "receive" means "to take possession or delivery of" or "to come into possession of." *Webster's Third New International Dictionary* 1894 (1986). Thus, the concept of "possession" is included in the word "receive." Furthermore, evidence that a person has knowingly received prohibited material in an e-mail could be accepted as proof that the person knowingly possessed the material because a person who *knowingly* receives an e-mail is aware of the nature of its content and has immediate and knowing dominion or control over it. *See* CJI–Crim. 36(11) (1993 Supp.) (defining possession as "the actual, physical possession, or the immediate and knowing dominion or control over the object or the thing allegedly possessed").

The jury that convicted plaintiff of the federal offenses was specifically instructed that "[i]n this case, the term 'knowingly' refers to an awareness of the sexually explicit nature of the material, and to the knowledge that the visual depictions were in fact of minors engaged in that sexually explicit conduct." The jury was also instructed that "the term 'knowingly received' includes knowing acceptance of requested material" and " '[k]nowing receipt' means more than simply having e-mail sent to a computer." *United States v. Fabiano, supra,* 169 F.3d at 1303–04. Thus, plaintiff's federal convictions required proof that he received the child pornography with an awareness of the nature of the material and that he accepted the material with knowledge of its nature.

This conduct is identical to that prohibited by § 18–6–403(2)(j), which prohibits a person from knowingly possessing or controlling sexually exploitative material. Under this statute "knowingly" means an awareness both that the person is possessing or controlling certain material and that the material is sexually exploitative. *See* § 18–1–501(6), C.R.S.2005 ("A person acts 'knowingly' . . . with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of such nature or that such circumstance exists.").

· We also note that neither the federal nor the Colorado statutes contain any requirement that the prohibited material be retained for any minimum period of time. *See People v. Barry,* 888 P.2d 327 (Colo.App.1994)(re-jecting an argument that temporary or fleeting possession of a controlled substance did not constitute possession of the substance).

Nor are we persuaded by plaintiff's claim that the federal jury's verdict acquitting him of the possession charge establishes that he did not in fact possess child pornography.

First, plaintiff was convicted of receiving the child pornography on September 10, 1996. The charge of possession of child pornography alleged that he possessed it on December 11, 1996, three months after the conduct that resulted in his conviction. Even if these charges related to the same pornographic material, acquittal for conduct on December 11 does not necessarily mean that it was not possessed on September 10.

Second, subject to an exception not applicable here, it is well established in Colorado that inconsistent verdicts of guilt and acquittal do not provide a criminal defendant with a basis for relief because the inconsistency may be attributable to unrelated factors such as mistake, compromise, or lenity. *People v. Frye,* 898 P.2d 559, 569 (Colo.1995). This same rule governs plaintiff's federal convictions, as was noted by the panel of the Tenth Circuit that upheld the denial of plaintiff's motion for postconviction relief. *United States v. Fabiano, supra,* 42 Fed.Appx. at 414 ("Inconsistent verdicts do not provide a basis for relief."). Thus, the federal jury's verdict acquitting plaintiff on the charge of possessing child pornography does not constitute a finding that he received the child pornography without also possessing it.

## II.

Plaintiff next argues that the CBI was without authority to determine whether he is obligated to register as a sex offender, and that the agency's action constitutes a violation of separation of powers principles, because the judicial branch of government is vested with exclusive jurisdiction to make such determinations. We conclude this claim is now moot because this proceeding has resulted in a judicial determination that plaintiff must register. *See People v. Miller,* 94 P.3d 1197, 1203 (Colo.App.2004)(an issue on appeal is moot when the relief, if granted,

would have no practical effect on the controversy).

The judgment is affirmed.

Chief Judge DAVIDSON and Justice ROVIRA * concur.