**FILED**
United States Court of Appeals
Tenth Circuit

**July 9, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JULIO GUERRERO-CASTRO,

        Defendant - Appellant.

No. 11-2193
(D.C. No. 1:05-CR-02366-JEC-1)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

Petitioner Julio-Guerrero Castro appeals the denial of his petition for *writ of error coram nobis* by the United States District Court for the District of New Mexico. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

On December 8, 2005, Petitioner pleaded guilty in federal district court to one count of possession with intent to distribute 100 kilograms or more of marijuana. *See* 21 U.S.C. § 841. The court sentenced him to 60 months'

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment followed by four years of supervised release. After his release from prison in February 2010, the Immigration and Customs Enforcement Agency (ICE) took him into immigration custody, and the Department of Homeland Security commenced removal proceedings against him, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

Following the Supreme Court's decision in *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), which held that defense counsel may render ineffective assistance by failing to advise the defendant that his guilty plea would subject him to deportation, *id.* at 1482–84, Petitioner filed a "Petition for Relief From Judgment Pursuant to N.M. Dist. Ct. P.C.P. 1-060(b)(6)," Supp. R., Vol. II at 1. He argued that his attorney had provided ineffective assistance of counsel because he failed to advise him of the immigration consequences of his guilty plea and failed to consult with him about filing a notice of appeal. The district court denied his petition because his "allegations amount[ed] to a collateral attack on his sentence, which he may prosecute only in a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255." *Id.* at 5. It declined to construe the petition as a § 2255 motion because it was filed after the expiration of the one-year limitations period under that statute.

On May 31, 2011, Petitioner filed his *coram nobis* petition in district court, again arguing that his attorney was ineffective for failing to advise him of the immigration consequences of a guilty plea. On September 16 the court denied the

petition, adopting the magistrate judge's report and recommendation (R&R) because neither of the parties had filed objections. Petitioner filed a motion to reconsider that decision, claiming that he had never received a copy of the R&R filed in district court. He also filed a notice of appeal to this court, but on September 30 we filed an order abating his appeal pending the district court's resolution of his motion to reconsider. The district court granted Petitioner's motion to reconsider on October 19. On the same day, however, it rejected his objections to the R&R, adopted the R&R, and denied his petition. It concluded that his claims failed because he had not shown that he was prejudiced by his attorney's ineffectiveness and because the Tenth Circuit had recently held that the rule from *Padilla* invoked by Petitioner did not apply retroactively, *see United States v. Hong*, 671 F.3d 1147, 1150 (10th Cir. 2011).

On October 26, 2011, we vacated the abatement of Petitioner's appeal, and his counsel filed a brief. He argues that the district court erred in concluding (1) that he did not suffer prejudice because of his attorney's alleged failure to advise him of the immigration consequences of a guilty plea and (2) that *Padilla* does not apply retroactively.

We review a district court's decision on a *writ of error coram nobis* for abuse of discretion. *See United States v. Haga*, 931 F.2d 642, 645 (10th Cir. 1991). We may "affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon

-3-

by the district court." *United States v. Sandia*, 188 F.3d 1215, 1217 (10th Cir. 1999) (internal quotation marks omitted).

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted); *United States v. Payne,* 644 F.3d 1111, 1112 (10th Cir. 2011) ("[Defendant] is not entitled to [*coram nobis*] relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate.") Petitioner has failed to explain why § 2255 did not provide an adequate and effective remedy, even after the government argued in its response brief that § 2255 offered such a remedy and that he failed to use it. And we see no reason why proceeding under § 2255 would have been inadequate or ineffective. Even if Petitioner's § 2255 motion would have been barred as untimely if he had filed it in place of his *coram nobis* petition, *see* 28 U.S.C. § 2255(f)(1), "[i]t is irrelevant [to the issue of whether § 2255 is inadequate or ineffective] that a § 2255 motion would have been untimely by the time he filed his petition for a writ of *coram nobis*." *Payne*, 644 F.3d at 1113.

Further, Petitioner cannot challenge his conviction in a *coram nobis* proceeding because he was still "in custody" when he filed his petition. *See United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) ("[A] prisoner may not challenge a sentence or conviction for which he is currently in custody

-4-

through a writ of coram nobis.")  Although Petitioner's federal incarceration had ended when he filed his *coram nobis* petition, he was still subject to a term of supervised release.  For the purposes of habeas-corpus relief, "[c]ustody is not limited to physical confinement; it exists whenever conditions have been imposed which significantly confine and restrain (the movant's) freedom."  *United States v. Condit*, 621 F.2d 1096, 1098 (10th Cir. 1980) (internal quotation marks omitted).  Thus, "probation, like parole, constitutes 'custody.'"  *Id.* at 1098; *United States v. Fabiano*, 42 F. App'x 408, 411 (10th Cir. 2002) (when a prisoner is subject to supervised release, he is still "'in custody'" for § 2255 purposes).  We hold that Petitioner was still "in custody" for purposes of his *coram nobis* petition because he was subject to the conditions of his supervised release.

Moreover, even if we were to construe Petitioner's petition as a § 2255 motion, it would be barred as untimely.  True, § 2255(f)(3) provides that the one-year limitations period for filing a § 2255 does not begin until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id.*  But *Padilla* did not decide that its ruling applied retroactively to collateral attacks.  *See* 130 S. Ct. 1473.  Indeed, we recently held that it does not apply retroactively.  *See Hong*, 671 F.3d at 1150.  Petitioner was

required to file his § 2255 motion within one year of the date his conviction became final, *see* 28 U.S.C. § 2255(f)(1), which he clearly failed to do.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge