■ JUSTINE A. GALVIN, an Infant, by Her Natural Parent, PETER GALVIN, et al., Appellants, v LIGAYA P. COSICO et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered April 9, 1981 in Schenectady County, upon a verdict rendered at Trial Term (Crangle, J.). Plaintiff Peter Galvin sued on behalf of himself and his infant daughter, Justine, to recover damages resulting from alleged medical malpractice. The case centered upon the quality of the advice given Justine's mother at the defendants' offices. After extensive deliberations, the jury returned a verdict in defendants' favor. The sole argument offered on appeal is that it was an egregious error for the court to refuse to charge the jury with respect to the comparative negligence doctrine. We disagree. The court correctly charged that Justine, who was three years and 10 months of age at the time of the claimed malpractice, was incapable as a matter of law of contributory negligence; and that even if Justine's mother was negligent in not immediately transporting her to the hospital, as defendants contend, such negligence could not be ascribed to Justine. Further, the jury was instructed that there would be more than one proximate cause of the infant's injuries, and that it *must* return a verdict for her if defendants were found negligent and if their negligence proximately caused those injuries. And in the course of the charge the court outlined those acts of defendants which, if found by the jury to have occurred, would enable it to find that defendants were indeed negligent. Since the infant was not capable of contributory negligence and no negligence of a parent was imputable to her (there was no claim the father was negligent), the comparative negligence doctrine was thus inapplicable and the charge adequately and sufficiently apprised the jury of the relevant legal principles to be applied. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.