*911 OPINION OF THE COURT
Alan D. Oshrin, J.
Plaintiff Brian O. Favier commenced a medical malpractice action on behalf of his son Matthew O’Neil Favier, an infant under the age of 14. Plaintiff moves in limine for an order prohibiting defendant from commenting either in his opening statement or in summation regarding the parent’s alleged failure to consent to or have the infant undergo a second remedial surgical procedure. Plaintiff also asks that the defendant be precluded from calling any witnesses or offering any testimony as to whether a second operative procedure would alleviate the problem which he claims was caused by the alleged malpractice.
The issue of whether the decision of the parents of the infant plaintiff to forego remedial medical treatment or surgery in mitigation of damages can be attributed to the infant and presented to the jury, appears to be one of first impression in the State of New York.
Generally, a party who claims to have suffered personal injuries by reason of the defendant’s negligence or other tortious conduct is required to use reasonable and proper effort to make the damage as small as practicable, and is not entitled to recover for any damage which by the use of such effort might have been avoided (Lyons v Erie Ry. Co., 57 NY 489 [1874]; Blate v Third Ave. R. R. Co., 44 App Div 163 [1899]). With respect to remedial surgery, the law does not require a plaintiff who sustained a personal injury by reason of the tortious act of the defendant to submit to a surgical operation which may be dangerous to life, even though it may possibly result in a cure of his physical condition, in order to reduce the defendant’s damages (Williams v City of Brooklyn, 33 App Div 539 [1898]). The injured person is bound to submit to a surgical operation only when a reasonably prudent person under the circumstances would do so (Wolf v Third Ave. Ry. Co., 67 App Div 605 [1902]; Williams v City of Brooklyn, 33 App Div 539, supra).
With respect to infants, General Obligations Law § 3-111 provides "[i]n an action brought by an infant to recover damages for personal injury the contributory negligence of the infant’s parent or other custodian shall not be imputed to the infant.” This statute recognizes the strong public policy in New York against imputing a parent’s negligence to an infant plaintiff (Searles v Dardani, 75 Misc 2d 279 [1973]). Inasmuch *912 as the effect of contributory or comparative negligence is to reduce the amount of damages ultimately awarded by a jury a policy of not imputing the negligence of the parent serves to accomplish the same goal as not allowing a claim of mitigation of damages, namely: preserving the infant’s claim undiminished by parental activity. This is readily seen by an examination of the two concepts. In the first, the entitlement of the infant is reduced by the act of the parent which may be said to be partly responsible for causing the injury. In the second, defendant alleges the failure to mitigate damages has, in effect, caused a continuation or prohibited the elimination or reduction of the injury. Both are paths to the same result.
Although the General Obligations Law speaks only of contributory negligence, by analogy, and for the reasons discussed below, the court finds that a parent’s decision not to submit an infant to remedial medical treatment or surgery and concomitant failure to mitigate damages cannot be attributed to an infant plaintiff and, therefore, cannot be presented to the jury.
Pattern Jury Instruction (PJI) 2:325 provides an illustration of the court’s instruction to a jury when a plaintiff fails to mitigate damages by not having an operation. The editors observe at page 694 of the comment that although no New York case dealing with an infant plaintiff could be found, the failure of an infant’s parent to provide or consent to an operation is not imputable to the infant. The editors cite General Obligations Law § 3-111 and a number of sister State decisions in support of their conclusion. The court finds the reasoning of these cases to be sound and concludes that a child of the age of 11 is necessarily dependent upon his parents as regards the steps to be taken to bring about a recovery from an injury, that a neglect of proper surgical treatment by the parent cannot be imputed to the child and that no part of the infant plaintiff’s damages may be reduced upon the conduct of the parents (see generally, Lange v Hoyt, 114 Conn 590, 159 A 575 [1932]; Wheatley v Heideman, 251 Iowa 695, 102 NW2d 343 [I960]; Ewing v Duncan, 209 Ind 33, 197 NE 901 [1935]; H.T. Whitson Lbr. Co. v Upchurch, 198 Ky 127, 248 SW 243 [1923]; Annotation, Duty of Injured Person to Submit to Surgery to Minimize Tort Damages, 62 ALR3d 9, 16-17).
Additionally, an infant is a ward of the court, and it is the policy of the law and the court’s equitable duty to protect the infant’s interests with respect to actions brought by and *913 against him (see, Chickara v City of New York, 21 Misc 2d 446 [1959], revd on other grounds 10 AD2d 862 [1960], lv denied 11 AD2d 688 [1960], appeal dismissed 8 NY2d 1014 [I960]; Quillen v Board of Educ., 203 Misc 320 [1952]). In the case of personal injury an infant remains a ward of the court until the cause of action is tried, adjusted, or compromised, as may be permitted by the court (Glogowski v Rapson, 20 Misc 2d 96 [1959]). Although the court may not, under the guise of protection afford to the infant greater rights than the law permits (see, Matter of Copes, 11 Misc 2d 48 [1958]) the court must in the exercise of its equitable duties ensure that his interests are protected and that he obtain no less than the law allows.
An infant may not elect to have and consent to a surgical procedure until reaching the age of majority, which in New York is 18 years of age (see, CPLR 105 [j]; Domestic Relations Law § 2). An infant plaintiff should not, therefore, be subject to a claim of mitigation of damages for failure to have a surgical procedure the infant cannot consent to until such time as the infant can so consent. The court finds that it would be an appropriate exercise of the court’s equitable duty to protect the infant’s interests and right of recovery to preclude any comment or evidence as to avoidance or mitigation of damages in connection with a remedial surgical procedure up until the time the infant plaintiff achieves the age of majority. In the event, however, that plaintiff seeks to recover damages for a period of time after the infant achieves majority, then the defendant shall be permitted to introduce evidence of the availability of a remedial surgical procedure and mitigation of damages.
In concluding, the court recognizes that by holding that an infant plaintiff is not subject to a claim of failure to have remedial medical treatment or surgery and mitigation of damages until he/she achieves majority, that there is a potential for abuse by a parent’s purposeful delay in submitting an infant to remedial medical treatment or surgery so as to enhance a jury’s award of damages. The court also recognizes that upon the facts of this case and the health history of the infant plaintiff that there is no such abuse in this case. The court finds, however, that in a proper case where there is an indication that parents of an infant plaintiff have not acted in good faith and have purposefully delayed submitting their child to an appropriate remedial medical treatment or surgical procedure when reasonable parents in the same situation *914 would have done so, then a hearing may be required and appropriate limiting instructions to the jury explored.
Moreover, the authority of the court as a representative of the State as parens patriae for the care and protection of infants covers a wide field (66 NY Jur 2d, Infants and Other Persons Under Legal Disability, § 1) and the court may under the proper facts and circumstances take the custody and control of the child from its general guardian (Matter of Yardum, 228 App Div 854 [1930]) and appoint a guardian for determining if the best interest of the infant (Matter of Stuart, 280 NY 245 [1939]) will be served by the infant undergoing a surgical procedure or medical treatment. Thus, there is an additional remedy available to deal with any claims of improper manipulation which may arise.
Accordingly, the defendant is precluded from commenting upon or introducing evidence of available remedial surgical procedures and mitigation of damages during the period of plaintiff’s infancy.