■ MATTHEW O. FAVIER et al., Appellants, v MARTIN WINICK, Respondent. [624 NYS2d 854] —In a medical malpractice action, the plaintiffs appeal (1) from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated October 14, 1992, which granted the defendant's motion to set aside a jury verdict in the principal sum of $106,250 and ordered a new trial, and (2) as limited by their brief, from so much of an order of the same court, dated January 14, 1993, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order dated October 14, 1992, is dismissed, as that order was superseded by the order

dated January 14, 1993, made upon reargument; and it is further,

Ordered that the order dated January 14, 1993, is reversed insofar as appealed from, on the law and the facts, the order dated October 14, 1992, is vacated, the jury's award is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an appropriate judgment upon the verdict; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The evidence showed that in or about March 1981, the defendant doctor departed from good and acceptable medical practice by improperly performing a surgical procedure upon the infant plaintiff Matthew Favier. After a jury verdict was rendered in favor of the plaintiffs, the court set aside the verdict and ordered a new trial based upon its finding that the jury's answers to two interrogatories contained on the special verdict sheet were inconsistent.

Contrary to the defendant's contention, the jury's answers to the two interrogatories were neither inconsistent nor irreconcilable when reviewed in the context of the court's charge, because the answers can be reconciled with a reasonable view of the evidence. The plaintiffs are entitled to the presumption that the jury adopted that view *(see, Rubin v Pecoraro,* 141 AD2d 525, 526).

There is no merit to the defendant's remaining contentions. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur. *[See,* 151 Misc 2d 910.]