■ DOROTHY GOLDMAN, Appellant, v HICKORY HOUSE TENANTS CORPORATION, Respondent. [642 NYS2d 529] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Bergerman, J.), dated February 1, 1995, which denied her motion to set aside the jury's verdict and (2) a judgment of the same court also dated February 1, 1995, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Contrary to the appellant's contentions, the jury's verdict is not inconsistent or against the weight of the evidence. It is well settled that a jury's verdict in favor of the defendant should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict based on any fair interpretation of the evidence (*see, Nicastro v Park,* 113 AD2d 129, 134). Our review of the record confirms that there is a fair interpretation of the evidence supporting the jury's verdict (*see, Sancimino v Brooklyn Union Gas Co.,* 204 AD2d 298; *see also, Disla v DHL Airways,* 219 AD2d 612; *Brooks v Adams,* 204 AD2d 938). Moreover, we find that the verdict is not inconsistent (*see, Gale Assocs. v Fiance,* 225 AD2d 652; *Favier v Winick,* 212 AD2d 755; *Rubin v Pecoraro,* 141 AD2d 525).

We have reviewed the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Thompson, Santucci and Florio, JJ., concur.