Nyree Ivy Majelia FRANCIS, through her mother and next friend, Marcia GOODRIDGE, Plaintiff–Appellant,

v.

Cory Lyn DAHL, Defendant–Appellee.

No. 03CA0785.

Colorado Court of Appeals, Div. II.

Jan. 13, 2005.

§ 24–51–1105, C.R.S. 2004.

Lloyd C. Kordick & Associates, Lloyd C. Kordick, Colorado Springs, Colorado, for Plaintiff–Appellant

Harris, Karstaedt, Jamison & Powers, PC, A. Peter Gregory, Rebecca K. Wagner, Englewood, Colorado, for Defendant–Appellee

LOEB, J.

Plaintiff, Nyree Ivy Magelia Francis, through her mother and next friend Marcia

Goodridge, appeals from the judgment entered on the jury's verdict finding in her favor and awarding damages of $20,000 on her negligence claim against defendant, Corey Lyn Dahl. We affirm in part, reverse in part, and remand for further proceedings.

On September 23, 2000, plaintiff was injured in an automobile accident involving a vehicle driven by defendant. At the time of the accident, plaintiff was ten years old. The jury found that defendant was negligent and that plaintiff had suffered injuries as a result of that negligence. The jury awarded plaintiff $16,000 in damages for noneconomic injuries and $4,000 for physical impairment or disfigurement.

On appeal, plaintiff requests a new trial on damages. Plaintiff also challenges the trial court's calculation of interest on the amount of the judgment.

## I.

Plaintiff first contends the trial court erred as a matter of law when it instructed the jury on her alleged failure to mitigate her damages. We agree.

Over plaintiff's objection, the trial court gave the following jury instruction on mitigation of damages:

> If you find that the plaintiff, Nyree Ivy Majelia Francis has had actual damages, then you must consider whether the defendant, Corey Lyn Dahl, has proved her affirmative defense of plaintiff's failure to mitigate or minimize damages. The plaintiff has the duty to take reasonable steps under the circumstances to mitigate or minimize her damages. Damages, if any, caused by plaintiff's failure to take such reasonable steps cannot be awarded to the plaintiff.
>
> This affirmative defense is proved if you find both of the following have been proven by a preponderance of the evidence:
>
> 1. The plaintiff failed to seek medical or chiropractic treatment for the injuries she sustained in this accident;
>
> 2. The plaintiff had some increased injuries because she did not take the reasonable steps to obtain medical or chiropractic treatment.

> If you find that one or more of these propositions has not been proved by a preponderance of the evidence, then you shall make no deduction from plaintiff's damages.
>
> On the other hand, if you find that both of these propositions have been proved by a preponderance of the evidence, then you must determine the amount of damages caused by the plaintiff's failure to take such reasonable steps. This amount must not be included in your award of damages.

■ Plaintiff argues that, as a minor, she has no financial resources, is completely dependent upon her mother and thus, as a matter of law, could not reasonably have mitigated her damages by seeking medical or chiropractic care on her own. Defendant contends that the instruction was proper and that the issue of mitigation was for the jury to decide. We agree with plaintiff that, under the circumstances here, the trial court erred in giving a mitigation instruction to the jury and that a new trial on damages is required.

■ Failure to mitigate damages refers to the injured party's failure to take such steps as are reasonable under the circumstances to minimize the resulting damages. However, a plaintiff is not required to take unreasonable measures in an effort to mitigate his or her damages. *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1068 (Colo.App.1990). Moreover, a plaintiff's failure to mitigate damages is excused if there were reasonable grounds for the failure, including financial inability of the plaintiff. *See Burt v. Beautiful Savior Lutheran Church, supra; Berger v. Sec. Pac. Info. Sys., Inc.*, 795 P.2d 1380, 1385 (Colo.App. 1990); C. McCormick, *Law of Damages* § 38 (1935).

■ Colorado has long refused to sustain the doctrine that the contributory or comparative negligence of the parents of a child of tender years shall be imputed to the child. *Denver City Tramway Co. v. Brown*, 57 Colo. 484, 493, 143 P. 364, 368 (1914); *cf. Cintron v. City of Colo. Springs*, 886 P.2d 291, 295 (Colo.App.1994)(even though a parent may

voluntarily undertake to aid the assertion of the child's claim by acting as a next friend, the minor will not, generally, be charged with the parents' negligence); *Kennedy v. Pelster*, 813 P.2d 845, 847 (Colo.App.1991)(the discovery sins of a parent should not be visited upon the head of the child).

Further, courts in other states have expanded the principle precluding imputation of a parent's negligence to the concept of mitigation of damages. For example, in *Cardona v. County of Albany*, 188 Misc.2d 440, 447–48, 728 N.Y.S.2d 355, 362 (Sup.Ct.2001), the court stated as follows:

> The Court is of the view that the infant plaintiffs, being *non sui juris*, were, as a matter of law, unable to mitigate their damages. To the extent that the affirmative defense relies upon their mother's failure to mitigate, the Court finds that the defense is, in reality, an attempt to impute [mother's] contributory negligence (in the form of her failure to take adequate protective measures to shield her children from lead paint exposure) to the infant plaintiffs.

On that basis, the *Cardona* court dismissed the defendant's affirmative defense of mitigation of damages.

These principles have also been persuasively applied where, as here, defendants have claimed that a minor plaintiff did not mitigate his or her damages because of a failure to seek medical treatment. In *Favier v. Winick*, 151 Misc.2d 910, 583 N.Y.S.2d 907 (Sup.Ct.1992), the court held that a parent's decision not to submit an eleven year-old child to remedial medical treatment or surgery and concomitant failure to mitigate damages cannot be attributed to the child and, therefore, cannot be presented to the jury. In so holding, the court concluded that

> a child of the age of eleven is necessarily dependent upon his parents as regards the steps to be taken to bring about a recovery from an injury, that a neglect of proper surgical treatment by the parent cannot be imputed to the child and that no part of the infant plaintiff's damages may be reduced upon the conduct of the parents.

*Favier v. Winick, supra,* 151 Misc.2d at 912, 583 N.Y.S.2d at 909; *see also Lange v. Hoyt,* 114 Conn. 590, 159 A. 575, 577–78 (1932) (recognizing that an eight year-old child is dependent upon her parents regarding steps to be taken to bring about recovery from an injury and concluding that, even if the mother had neglected to obtain proper surgical treatment for the child, her negligence would not be imputable to the child); *Galvin v. Cosico,* 90 A.D.2d 656, 456 N.Y.S.2d 259 (1982)(alleged negligence of mother in not immediately transporting her injured child to the hospital could not be ascribed to the child). We find the reasoning in these cases persuasive and applicable to the circumstances here.

The mitigation instruction here was specifically directed to whether plaintiff, a ten year-old child, failed to "seek medical or chiropractic treatment" for injuries sustained in the accident with defendant. However, we conclude that a ten year-old child cannot, as a matter of law, reasonably be expected to handle the challenges and intricacies of choosing, arranging, and paying for appropriate medical care, let alone deal with the complexities of insurance coverage issues related to such care. Nor do we perceive how a jury could examine the conduct of a ten year-old child in the context of mitigating her own damages by way of seeking medical and chiropractic care without erroneously imputing her mother's conduct to the child.

▮ Notwithstanding the language of the instruction, defendant's argument and evidence at trial were that plaintiff's mother had failed to arrange for proper medical care for plaintiff. The mitigation instruction improperly directed the jury to deduct from its damage award any amount it determined to be caused by plaintiff's failure to mitigate, but the instructions did not require the jury to specify the amount of any such deduction. Thus, we have no basis for determining to what extent the final award of damages was predicated upon the jury's finding of a failure to mitigate, and, therefore, prejudice must be presumed. *See Loup–Miller v. Brauer & Assocs. Rocky Mtn., Inc.,* 40 Colo.App. 67, 69, 572 P.2d 845, 847 (1977).

Accordingly, we conclude that allowing the jury effectively to impute to plaintiff her

mother's failure to mitigate was reversible error, requiring a new trial on damages. *See Denver City Tramway Co. v. Brown, supra; Cardona v. County of Albany, supra; Favier v. Winick, supra.*

We reject defendant's argument, based on *Benallo v. Bare,* 162 Colo. 22, 427 P.2d 323 (1967), that, because plaintiff was over the age of seven, the reasonableness of her conduct was automatically subject to evaluation by the jury. *Benallo* held that a child six years old or younger is always incapable of being contributorily negligent. Unlike the case here, however, *Benallo* did not involve an alleged failure to seek medical care as the basis for a mitigation instruction, nor did it involve what was, in effect, an attempt to impute a parent's alleged negligence to a plaintiff child over the age of six but under the legal age of majority. Further, we do not read the holding in *Benallo* to mandate that a mitigation instruction must always be given when the plaintiff is at least seven years old. While we recognize that there may be cases where it is appropriate for a jury to assess the reasonableness of the conduct of a child over the age of six with respect to mitigation of damages, this is not such a case.

■ In light of our holding, we need not address plaintiff's contention that the trial court reversibly erred in granting defendant's motion in limine. However, we note that the trial court granted the motion without considering plaintiff's timely response. A trial court abuses its discretion when it grants a motion before the nonmoving party responds within the time allowed under C.R.C.P. 121 § 1–15(1). *See Weatherly v. Roth,* 743 P.2d 453 (Colo.App.1987).

## II.

Because the issue may arise at the new trial on damages, we next address and reject plaintiff's contention that the trial court erred by instructing the jury on damages caused by subsequent injury.

■ When an instruction fairly presents the issues and is supported by evidence, a party is entitled to have it given. *Downing v. Overhead Door Corp.,* 707 P.2d 1027 (Colo.

App.1985). Unless clearly erroneous, the court's determination to give an instruction will not be disturbed on appeal. *Burt v. Beautiful Savior Lutheran Church, supra,* 809 P.2d at 1068.

The trial court instructed the jury, consistent with CJI–Civ. 4th 6:9, to consider whether plaintiff was injured in a fall from a pommel horse in gym class on March 13, 2001, and, if so, to determine whether such fall increased any injuries or damages caused by the accident with defendant in September 2000. The court also instructed the jury on how to separate damages if it found that the fall increased any injuries or damages caused by the earlier accident.

Plaintiff argues that the court erred in giving this instruction without evidence in the record that the subsequent fall caused a permanent worsening of her condition. However, neither the language of CJI–Civ. 4th 6:9 nor the cases on which that instruction is based require a showing of permanency to support an instruction on subsequent injury. *See Brown v. Kreuser,* 38 Colo.App. 554, 560 P.2d 105 (1977); *Bruckman v. Pena,* 29 Colo.App. 357, 487 P.2d 566 (1971); *see also Guerrero v. Bailey,* 658 P.2d 278 (Colo.App.1982)(principles of CJI–Civ. 4th 6:9 not limited to subsequent accidents causing physical injury, but apply to other subsequent events as well, e.g., a job layoff).

■ Here, the record reflects some evidence of a later injury suffered by plaintiff that was not causally related to the accident involving defendant or to the conduct of defendant. Medical experts testified for both parties and expressed conflicting opinions on whether plaintiff's fall from the pommel horse increased her injuries caused by the accident with defendant. Because the evidence was sufficient to support the subsequent injury instruction and adequately formed a question of fact for the jury to decide, we perceive no error by the court in instructing the jury on subsequent injury.

Contrary to plaintiff's argument, *Lascano v. Vowell,* 940 P.2d 977 (Colo.App.1996), does not require evidence of permanency. *Lascano* held the use of the word "aggravated" in a subsequent injury instruction may be ambig-

uous in certain circumstances without further definition. However, here, the instruction given by the trial court did not use the word "aggravated." It used the word "increased," which followed the language in CJI–Civ. 4th 6:9 and did not conflict with the holding in *Lascano*.

## III.

Because the issue may arise again after a new trial on damages, we also address plaintiff's contention that the trial court erred in its calculation of interest on the judgment, pursuant to § 13–21–101(1), C.R.S.2004. We agree.

Section 13–21–101(1), provides, in pertinent part:

[O]n and after July 1, 1979, it is lawful for the plaintiff in the complaint to claim interest on the damages claimed from the date the action accrued. When such interest is so claimed, it is the duty of the court in entering judgment for the plaintiff in such action to add to the amount of damages assessed by the verdict of the jury ... interest on such amount calculated at the rate of nine percent per annum .... On actions filed on or after July 1, 1979, *the calculation shall include compounding of interest annually from the date such suit was filed.*

(Emphasis added.)

■■■■■■ Statutory interpretation is a question of law that appellate courts review do novo. *Bontrager v. La Plata Elec. Ass'n,* 68 P.3d 555 (Colo.App.2003). When construing statutes, a court's primary purpose is to effectuate the intent of the General Assembly. To determine that intent, courts look to the statutory language, giving words or phrases their commonly accepted meaning. *Archibold v. Pub. Utils. Comm'n,* 58 P.3d 1031 (Colo.2002).

■■■■ Section 13–21–101(1) plainly entitles plaintiff to prejudgment interest from the date her action accrued to the date judgment was entered, with such interest to be compounded annually from the date her complaint was filed. *Mladjan v. Pub. Serv. Co.,* 797 P.2d 1299 (Colo.App.1990); *Smith v. JBJ Ltd.,* 694 P.2d 352 (Colo.App.1984).

Compound interest is defined as "interest paid on both the principal and the previously accumulated interest." *Black's Law Dictionary* 830 (8th rev. ed.2004). "Annual" or "annually" means "occurring, appearing, made, done, or acted upon every year." *Webster's Third New International Dictionary* 88 (1986).

Based on the plain language of § 13–21–101(1), and giving the words in that statutory provision their commonly accepted meaning, we conclude the total prejudgment interest in this case is arrived at by first calculating simple interest on the amount of the judgment from the date plaintiff's action accrued (here, the date of the accident) until the day before the action was filed. That simple interest amount should then be added to the amount of the judgment and used as the initial base amount to calculate compound interest annually from the date the suit was filed until the date judgment is entered.

Here, the trial court erroneously interpreted § 13–21–101(1) to mean that the simple interest calculated from the date the action accrued to the date the suit was filed should not be included in the base amount for compounding of interest from the date suit was filed. This had the effect of compounding interest not from the date suit was filed, as required by the statute, but starting one year from that date.

Although recalculation of interest is not necessary here because we have ordered a new trial on damages, on remand, we direct the parties and the trial court, for the purposes of illustration, to follow the hypothetical calculation set forth in John W. Grund, et al., *Computation of Interest Personal Injury Torts and Insurance* app. K, ex. 2 at 396–97 (West's Colorado Practice Series, 2d ed.2000).

The judgment is reversed as to the amount of damages, and the case is remanded for a new trial on damages consistent with this opinion. In all other respects, the judgment is affirmed.

Judge ROTHENBERG and Judge NIETO concur.