2012 COA 52

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lorenzo BROOKS, Defendant–Appellant.**

**No. 10CA1378.**

Colorado Court of Appeals, Div. V.

March 29, 2012.

Rehearing Denied May 24, 2012.

John W. Suthers, Attorney General, Corelle M. Spettigue, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Kelly R. Moss, Deputy State Public Defender, Rory M. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GRAHAM.

¶ 1 Defendant, Lorenzo Brooks, appeals the judgment of conviction following a bench trial in which the court found him guilty of failure to register as a sex offender. Because we conclude defendant was not required to register as a sex offender in Colorado, we reverse the judgment of conviction.

### I. Background

¶ 2 In 1994, defendant pleaded guilty in Harris County, Texas, to indecency with a child by exposure, Tex. Penal Code Ann. § 21.11(a)(2) (West 1994). He was sentenced

to ten years in the Texas Department of Corrections; the record is unclear as to whether he served any prison time in Texas.

¶ 3 After sentencing in the Texas case, defendant was transferred to El Paso County, Colorado, where he pleaded guilty to aggravated robbery and was sentenced to nineteen years in the Colorado Department of Corrections (DOC).

¶ 4 In October 2007, defendant was paroled in Colorado. At the time of his parole, defendant was advised that he must register as a sex offender under the Colorado Sex Offender Registration Act, §§ 16–22–101 to – 115, C.R.S.2011, based upon his Texas conviction. Between October 2007 and July 2009, he executed seven quarterly sex offender registration forms. On July 20, 2009, defendant registered his address with the Colorado Springs Police Department (CSPD). Approximately three weeks later, a CSPD detective conducted an address verification and found defendant no longer resided at the registered address.

¶ 5 Defendant was then charged with two felony counts of failing to register as a sex offender. Prior to trial, defendant filed a motion seeking a bill of particulars listing the section of the Colorado Sex Offender Registration Act the People alleged required him to register. The trial court granted the motion, and the People's bill of particulars alleged that defendant's conviction in Texas, if committed in Colorado, would have been for indecent exposure, and thus, he was required to register as a sex offender. Defendant then filed a motion to dismiss, arguing that because his Texas conviction did not equate to indecent exposure, he was not required to register under the Colorado Sex Offender Registration Act. The trial court denied the motion and after trial defendant was convicted of two misdemeanor counts of failing to register as a sex offender and sentenced to nine months in the DOC.

## II. Duty to Register

¶ 6 Defendant contends he is not required to register as a sex offender, and, therefore, he cannot be convicted of failing to register. We agree and reverse his conviction.

### A. Standard of Review

¶ 7 Statutory interpretation is a question of law we review de novo. *Mayo v. People*, 181 P.3d 1207, 1210 (Colo.App.2008); *see Fabiano v. Armstrong*, 141 P.3d 907, 909 (Colo.App.2006). "Our primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute." *Mayo*, 181 P.3d at 1210. "To determine the General Assembly's intent in enacting a statute, courts look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meaning." *Fendley v. People*, 107 P.3d 1122, 1124 (Colo.App.2004).

¶ 8 All individuals are afforded due process of law. U.S. Const. amend. V ("No person shall ... be deprived of life, liberty, or property, without due process of law...."); U.S. Const. amend. XIV, § 1 ("No State shall ... deprive any person of life, liberty, or property, without due process of law...."); Colo. Const. art. II, § 25 ("No person shall be deprived of life, liberty or property, without due process of law."). Thus, "[i]t is axiomatic that the prosecution must prove every element of the charged crime beyond a reasonable doubt." *People v. Dunaway*, 88 P.3d 619, 627 (Colo.2004); *see People v. Rodriguez*, 914 P.2d 230, 271 (Colo.1996). Failure to prove every element of the crime beyond a reasonable doubt will result in an acquittal of the defendant.

### B. Colorado Sex Offender Registration Requirements

¶ 9 To be guilty of the criminal offense of failing to register as a sex offender, the defendant must be "[a] person who is required to register pursuant to article 22 of title 16, C.R.S. [the sex offender registration statute]." § 18–3–412.5(1), C.R.S.2011. "The purpose of sex offender registration is not to inflict additional punishment on a person convicted of a sexual offense, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety." *Fendley*, 107 P.3d at 1125.

¶ 10 "Any person who was convicted on or after July 1, 1991, in another state or juris-

diction . . . of an offense that, if committed in Colorado, would constitute an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S." is required to register under the Colorado Sex Offender Registration Act. § 16–22–103(1)(b), C.R.S.2011.

¶ 11 As pertinent here, section 18–3–411(1), C.R.S.2011, states that an unlawful sexual offense includes "indecent exposure, as described in section 18–7–302."

¶ 12 At the time defendant was convicted of failing to register, a person committed the crime of indecent exposure "[i]f he knowingly expose[d] his genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person." Ch. 224, sec. 36, § 18–7–302(1)(a), 1977 Colo. Sess. Laws 965; *cf.* § 18–7–302(1)(a), C.R.S.2011 (amendment effective July 1, 2010).[1]

### C. Whether Defendant is Required to Register in Colorado

¶ 13 Defendant was convicted in Texas of indecency with a child by exposure. Tex. Penal Code Ann. § 21.11(a)(2) (West 1994). At the time defendant was convicted, that statute provided:

> (a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he: . . .
>
> (2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

*Id.*

◼ ¶ 14 The question we must answer is whether defendant's crime in Texas, if committed in Colorado, would constitute the unlawful sexual offense of indecent exposure. And because the crime of indecent exposure contains an element missing from Texas's indecency with a child statute, we conclude defendant is not subject to registration in Colorado.

1.  This was also the law in Colorado at the time of defendant's Texas conviction.

2.  At the time defendant was convicted in Colorado of failing to register, the indecent exposure statute did not have an intent element. This has

¶ 15 At the time defendant was convicted of failing to register, the elements of the crime of indecent exposure in Colorado were:

1.  That the defendant,

2.  in the State of Colorado, at or about the date and place charged,

3.  knowingly,

4.  exposed his genitals,

5.  to the view of any person,

6.  under circumstances in which such conduct is likely to cause affront or alarm to another person, and

7.  the other person is fourteen years of age or older.

CJI–Crim. 23:04 (1993); *see* § 18–7–302(1)(a).

¶ 16 In contrast, the elements of the crime of indecency with a child by exposure in Texas at the time defendant pleaded guilty were:

1.  That the defendant

2.  in the State of Texas, at or about the date and place charged,

3.  knowing the child is present

4.  exposed his anus or any part of his genitals

5.  to a child younger than 17 years and not his spouse

6.  with the intent to arouse or gratify the sexual desire of any person.

*See* Tex. Penal Code Ann. § 21.11(a)(2)(A) (West 1994); *see also* Tex.Crim. Jury Charges § 6:890 (2011).

¶ 17 When the two offenses are contrasted, it is clear that Colorado requires an additional element that the crime be "under circumstances in which such conduct is likely to cause affront or alarm to another person." The Texas statute lacks this additional element.[2] Thus, defendant's Texas conviction for indecency with a child by exposure did not satisfy all the elements of the crime of indecent exposure in Colorado. Consequently, the People failed to prove defendant's

since been added to the statute. § 18–7–302(1)(a) ("with the intent to arouse or to satisfy the sexual desire of any person" added to the statute effective July 1, 2010).

crime was one which, if committed in Colorado, would require defendant to register as a sex offender.

¶ 18 Therefore, we conclude defendant is not required to register as a sex offender because his conviction in Texas does not fall within the statutory requirements of sections 16–22–103(1)(b), 18–3–411(1), 18–3–412.5(1), and 18–7–302(1)(a).[3]

### III. Conclusion

¶ 19 Based upon our conclusion, we need not address defendant's remaining contentions.

Judge CARPARELLI and Judge BOORAS concur.

---

**3.** We note that the DOC has a separate and distinct sex offender classification system based upon its own rules and regulations, *see* § 16–11.7–101, C.R.S.2011; Dep't of Corrections Admin. Reg. 700–19 § IV(A) (2011), and that it may impose as a condition of parole that a parolee register as a sex offender. Imposition of such a condition is distinct from any judicial determination that a defendant may be required to register as a sex offender under section 18–3–412.5.