Opinion by CHIEF JUDGE LOEB
¶ 1 Petitioner, Eric Curtiss, appeals the district court's order denying his petition to discontinue sex offender registration. We affirm.
I. Background and Procedural History
¶ 2 In February 1995, Curtiss pleaded guilty to the felony charge of first degree sexual assault of a child in Oneida County, Wisconsin. See Wis. Stat. § 948.02(1) (2013). In Wisconsin, that charge is a class B felony with a mandatory potential imprisonment not to exceed twenty years. Curtiss was sentenced to five months in the Oneida County jail, eight years of probation, and he was required to register as a sex offender as a condition of his probation. According to Curtiss, he completed his sex offender treatment in 2003.
¶ 3 At some point after his conviction in Wisconsin, Curtiss moved to Colorado and registered as a sex offender in this state. In May 2013, Curtiss filed a petition in district court, requesting to be removed from the Colorado sex offender registry (the registry). The El Paso County District Attorney objected to Curtiss's petition, arguing that, under section 16-22-113(3)(b)(II), C.R.S. 2013, Curtiss was ineligible to discontinue registration because he had been convicted of an offense comparable to Colorado's offense of sexual assault on a child. A letter from the Oneida County District Attorney similarly objecting to "the court releasing [Curtiss] from his requirements to register as a sex offender" was attached to the District Attorney's objection.
¶ 4 The district court held a hearing on the petition and then issued a written order in which it denied Curtiss's request to discontinue registration. The court concluded and reasoned as follows:
It is clear from the language used in the registration statute [ section 16-22-103, C.R.S. 2013 ] that the legislature intended that persons with out of state convictions for unlawful sexual offenses be required to register in the State of Colorado just as those persons convicted in Colorado are required to do. In construing the registration and eligibility to discontinue registration statutes together and in harmony with the overall statutory design, the Court finds that the Petitioner is not eligible to discontinue registration based upon the language in [ section 16-22-113(3)(b)(II), C.R.S. 2013 ]. If the Court read the statute as urged by defense counsel that would mean that a person with an out of state conviction for an offense comparable to sexual assault on a child in Colorado would be eligible to discontinue registration but a person convicted in Colorado of the same offense would not be eligible to discontinue registration. That result would be inconsistent with [the] intent of the legislature as expressed in the statutes regarding registration *541 and discontinuing registration read as a whole and unfair to those persons convicted in the State of Colorado.
¶ 5 The sole issue on appeal is whether the district court erred in denying Curtiss's petition to discontinue registration. We conclude the district court did not err.
II. Standard of Review and Applicable Law
¶ 6 Statutory interpretation is a question of law we review de novo. Montez v. People , 2012 CO 6, ¶ 7, 269 P.3d 1228, 1230. Our primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute. People v. Brooks , 2012 COA 52, ¶ 7, 296 P.3d 216, 217. We are guided by the well-established principles of statutory interpretation in our review. As with any statute, our primary task is to give effect to the General Assembly's intent by first examining the statute's plain language. See Wiesner v. Huber , 228 P.3d 973, 974 (Colo.App.2010) ; Francis ex rel. Goodridge v. Dahl , 107 P.3d 1171, 1176 (Colo.App.2005). We must read and consider the statute as a whole in order to give consistent, harmonious, and sensible effect to all of its parts. Rodriguez v. Schutt, 914 P.2d 921, 925 (Colo.1996) ; see § 2-4-201(1)(c), C.R.S. 2013 (a court must presume that the General Assembly intended a just and reasonable result). We will give effect to the plain meaning of the statute's words and phrases, unless the result of doing so is absurd or unconstitutional. Rodriguez, 914 P.2d at 925. A statutory interpretation leading to an illogical or absurd result will not be followed. Larrieu v. Best Buy Stores, L.P., 2013 CO 38, ¶ 12, 303 P.3d 558, 560-61 ; Frazier v. People, 90 P.3d 807, 811 (Colo.2004) ; Mayo v. People, 181 P.3d 1207, 1210 (Colo.App.2008).
¶ 7 When statutory language conflicts with other provisions, we may rely on other factors such as legislative history, the consequences of a given construction, and the goal of the statutory scheme to determine a statute's meaning. Frazier, 90 P.3d at 811. We are also mindful of the rule of lenity that requires courts to resolve ambiguities in the penal code in favor of a defendant's liberty interests. Id. However, application of the rule of lenity is a last resort and the rule will not be applied when we are otherwise able to discern the intent of the General Assembly. Id.
¶ 8 The purpose of sex offender registration is not to inflict additional punishment on a person convicted of a sexual offense but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety. Brooks, 296 P.3d at 217.
III. Relevant Statutory Provisions
¶ 9 We first set forth several statutory provisions that are pertinent to our analysis.
¶ 10 Sections 16-22-103(1)(a) and (b) provide that, as relevant here, "the following persons shall be required to register [as sex offenders] pursuant to the provisions of section 16-22-108 and shall be subject to the requirements and other provisions specified in this article:"
(a) Any person who was convicted on or after July 1, 1991, in the state of Colorado, of an unlawful sexual offense, as defined in section 18-3-411(1), [C.R.S. 2013]....
(b) Any person who was convicted on or after July 1, 1991, in another state or jurisdiction ... of an offense that, if committed in Colorado, would constitute an unlawful sexual offense, as defined in section 18-3-411(1)....
¶ 11 Section 18-3-411(1) defines "unlawful sexual offense" to mean various sex offenses against children, including "sexual assault on a child, as described in section 18-3-405, [C.R.S. 2013]."
¶ 12 Section 16-22-113(1), provides that, "[e]xcept as otherwise provided in subsection (3) of this section, any person required to register pursuant to section 16-22-103," may, under certain circumstances, file a petition with the court for an order to discontinue the requirement for such registration.
¶ 13 Section 16-22-113(1.5), which discusses eligibility to discontinue registration as a sex offender, states:
If the conviction that requires a person to register pursuant to the provisions of *542 section 16-22-103was not obtained from a Colorado court, the person seeking to discontinue registration or internet posting or both may file a civil case with the district court of the judicial district in which the person resides and seek a civil order to discontinue the requirement to register or internet posting or both under the circumstances specified in subsection (1) of this section.
(Emphasis added.)
¶ 14 Section 16-22-113(3)(b)(II) provides in pertinent part:
The following persons shall not be eligible for relief pursuant to this section, but shall be subject for the remainder of their natural lives to the registration requirements specified in this article or to the comparable requirements of any other jurisdictions in which they may reside.... Any person who is convicted as an adult of ... [s]exual assault on a child, in violation of section 18-3-405, [C.R.S. 2013 ].
III. Analysis
¶ 15 Curtiss contends that the district court erred in denying his request to discontinue registration under section 16-22-113. Specifically, Curtiss contends that, because section 16-22-113 (3)(b)(II) does not expressly address out-of-state convictions and only refers to convictions under section 18-3-405, the General Assembly intended "to limit those who could never be removed from the registry to those persons specifically convicted under Colorado statutes." Thus, he argues, he is eligible to discontinue registration as a sex offender because he was convicted under the laws of Wisconsin, rather than under the laws of Colorado. The People contend that Curtiss's interpretation of section 16-22-113(3) conflicts with the General Assembly's intent represented by the entire statutory scheme for sex offender registration, and that, based on a proper interpretation of that statutory scheme, the district court correctly concluded that Curtiss was not eligible to discontinue registration under section 16-22-113(3)(b)(II). We agree with the People.
¶ 16 Initially, we note that Curtiss does not dispute that he was required to (and did) register as a sex offender in Colorado, due to his conviction in Wisconsin for sex assault of a child. See § 16-22-103(1)(b) ("Any person who was convicted on or after July 1, 1991, in another state or jurisdiction ... of an offense that, if committed in Colorado, would constitute an unlawful sexual offense, as defined in section 18-3-411(1)" (which discusses sex offenses against children), shall be required to register.). Section 16-22-103(1) further provides that all persons required to register as sex offenders "shall be subject to the requirements and other provisions specified in [Article 22-the Colorado Sex Offender Registration Act]."
¶ 17 As we have further noted, however, Curtiss does dispute that section 16-22-113(3)(b)(II) applies to him because, he contends, that provision only applies to those offenders who were convicted in Colorado under section 18-3-405. For the reasons discussed below, we reject that contention.
¶ 18 Section 16-22-113(1.5) provides that a registered sex offender with a conviction from a non-Colorado court may petition for a civil order to discontinue the requirement to register under "the circumstances specified in subsection (1) of this section. " (Emphasis added.) Importantly, section 16-22-113(1) states, "[e]xcept as otherwise provided in subsection (3) of this section ... " certain sex offenders may, under various circumstances not present here, petition for discontinuation. (Emphasis added.)
¶ 19 Construing these provisions together, and reading the statutory framework as a whole, we conclude that the General Assembly intended that section 16-22-113(3) apply to persons whose convictions were obtained from out-of-state courts. See Rodriguez, 914 P.2d at 925 ("[W]e must read and consider the statute as a whole in order to give consistent, harmonious, and sensible effect to all of its parts." (internal quotation marks omitted)); Brooks, 296 P.3d at 217 ("Our primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute." (internal quotation marks omitted)).
¶ 20 In our view, it would be an illogical and absurd reading of the statutory scheme *543 to conclude that section 16-22-113(3)(b)(II) applies exclusively to sex offenders who have been convicted of sexual assault on a child under Colorado's section 18-3-405. See Frazier, 90 P.3d at 811 ("A statutory interpretation leading to an illogical or absurd result will not be followed."). We may rely on other factors such as the consequences of a given construction and the goal of the statutory scheme to determine a statute's meaning. See id . Here, the purpose of sex offender registration is to aid law enforcement officials in investigating future sex crimes and to protect the public safety. See Brooks, 296 P.3d at 217. To accomplish this purpose, in section 16-22-113(3)(b), the General Assembly has clearly expressed its intent that certain sex offenders should be subject to lifetime registration. As aptly stated by the district court here, Curtiss's interpretation of section 16-22-113(3)(b) would "mean that a person with an out of state conviction for an offense comparable to sexual assault on a child in Colorado would be eligible to discontinue registration but a person convicted in Colorado of the same offense would not be eligible to discontinue registration." In our view, this interpretation would produce an illogical and absurd result as a matter of law, see Frazier, 90 P.3d at 811, and would be contrary to the intent of the General Assembly.
¶ 21 Thus, because we are able to discern the intent of the General Assembly, we need not apply the rule of lenity. Id . (stating that application of the rule of lenity is a last resort and will not be applied when we are able to discern the intent of the General Assembly).
¶ 22 Curtiss's reliance on Brooks and People v. Perry, 252 P.3d 45 (Colo.App.2010), is not persuasive, because these cases are distinguishable.
¶ 23 In Brooks, the issue was whether the defendant was not required to register as a sex offender in Colorado because the elements of his Texas conviction did not fall within the requirements of the applicable Colorado statutory offense. See Brooks, 296 P.3d at 217-19 (concluding that the defendant was not required to register as a sex offender because his conviction in Texas did not fall within the statutory requirements of the applicable subsection under the Colorado sex offender registration statute). In this case, however, Curtiss does not argue that the elements of the crime of which he was convicted in Wisconsin are incompatible with the crime of sexual assault on a child under section 18-3-405.
¶ 24 In Perry, a division of this court held that the defendant was not "convicted" of sexual assault on a child because he had completed his deferred judgment and sentence agreement. Perry, 252 P.3d at 48-49. Again, the facts and issue in Curtiss's case are not analogous to the facts and issue in Perry because Curtiss does not dispute that he was "convicted," and, thus, Perry is simply inapplicable here.
¶ 25 Because we conclude that section 16-22-113(3)(b)(II) applies to Curtiss and precludes him from eligibility for discontinuation of sex offender registration, we need not address the People's additional argument that Curtiss's interpretation of the applicable statutes would violate equal protection principles. See Town of Milliken v. Kerr-McGee Oil & Gas Onshore LP, 2013 COA 72, ¶ 19, 410 P.3d 471. Similarly, because we are able to interpret the statutes at issue according to well-established principles of statutory interpretation, we also need not address the People's public policy arguments. Cf. Swieckowski v. City of Ft. Collins, 934 P.2d 1380, 1387 (Colo.1997) ("[W]e are constrained by limiting principles of judicial review to interpret statutory language consistently with the intent of the General Assembly and with the plain meaning of the words chosen by this body when it enacts a statute. We may not substitute our view of public policy for that of the General Assembly.").
¶ 26 The order is affirmed.
Sternberg* and Kapelke*, JJ., concur.

Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5 (3), and § 24-51-1105, C.R.S. 2013.