COLORADO COURT OF APPEALS                    **2017COA33**

Court of Appeals No. 16CA0588
Arapahoe County District Court No. 15CV30140
Honorable Elizabeth A. Weishaupl, Judge

In the Matter of Douglas Roy Stanley,

Petitioner-Appellant,

v.

District Attorney for the 18th Judicial District, State of Colorado,

Respondent-Appellee.

ORDER AFFIRMED

Division A
Opinion by CHIEF JUDGE LOEB
Rothenberg* and Casebolt*, JJ., concur

Announced March 9, 2017

Forrest W. Lewis, P.C., Forrest W. Lewis, Golden, Colorado, for Petitioner-Appellant

George H. Brauchler, District Attorney, Richard H. Orman, Chief Deputy District Attorney, Centennial, Colorado, for Respondent-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1     Petitioner, Douglas Roy Stanley, is a sex offender convicted in California of unlawful sexual intercourse with a minor.  He appeals the district court's denial of his petition to discontinue sex offender registration in Colorado based on California's decision to terminate his registration requirement in that state.  We affirm the district court's order.

## I.    Background

¶ 2     In 2001, Stanley pleaded no contest and was subsequently convicted and sentenced in California of a sexual offense under California Penal Code section 261.5(d) (West 2016), "Unlawful sexual intercourse with [a] person under 18."  Stanley, then twenty-nine years old, had sexual intercourse with a fifteen-year-old girl.

¶ 3     Stanley successfully completed his California probation, and his conviction was eventually reduced to a misdemeanor.[1]

¶ 4     In November 2014, the California Department of Justice (DOJ) notified Stanley in a letter that his statutory requirement to register in California as a sex offender under California Penal Code section

---

[1] The record is unclear as to Stanley's original California sentence and the original level of his conviction (i.e., felony or misdemeanor). However, this information does not affect the outcome of this appeal.

290 (West 2016) had been terminated. The California DOJ did not give a reason for the termination of the registration requirement.

¶ 5 In January 2015, Stanley filed a pro se petition in the Arapahoe County District Court to discontinue sex offender registration in Colorado for a non-Colorado conviction under section 16-22-113, C.R.S. 2016.[2] The petition filed by Stanley was a form document that tracked the language of section 16-22-113 by listing the various circumstances under which an offender can petition to discontinue registration. *See* JDF 473, Petition to Discontinue Sex Offender Registration Non-Colorado Conviction or Juvenile Adjudication or Disposition (revised Oct. 2013), https://perma.cc/Y5PA-T7UC. On the form, offenders are required to state that none of the statutory prohibitions regarding ineligibility as set forth in section 16-22-113(3) apply to them, *and* check the

---

[2] The record is unclear as to whether Stanley has ever registered in Colorado or if his petition was preemptive. However, we use the term "discontinue registration" to refer to Stanley's action in the district court because that is how he titled his petition and how the relevant statute, section 16-22-113, C.R.S. 2016, is worded. § 16-22-113(1) (An offender may file a "petition . . . for an order to discontinue the requirement for such registration or internet posting, or both.").

box next to their circumstances of conviction that would allow them to petition for removal from the registry. *Id.*

¶ 6    In his petition, Stanley checked the following as his conviction circumstances:

> The offense for which I was required to register was a class 4, 5, or 6 felony or was a class 1 misdemeanor of unlawful sexual contact or third degree sexual assault and it has been 10 years since my final release from the jurisdiction of the Court or discharge from the Department of Corrections. I have not been subsequently convicted or adjudicated for any offense involving unlawful sexual behavior[.]

Stanley failed to check the box that affirmed "[t]he statutory prohibitions regarding ineligibility to file this Petition as set forth at § 16-22-113(3), C.R.S. do not apply to me."

¶ 7    On the same date the petition was filed, a Colorado attorney representing Stanley filed a supplement to the petition. The supplement stated that, although Stanley currently resided in California, he had family in Arapahoe and Jefferson Counties in Colorado, and he wanted to travel to and stay in Colorado for potentially prolonged periods of time, recognizing that travel would result in him being considered a temporary resident of Colorado for purposes of sex offender registration. The supplement also set forth

additional facts regarding Stanley's rehabilitation and attached supporting documentation that he was no longer required to register as a sex offender in the State of California (the California DOJ letter). The supplement also conceded that Stanley's offense, if committed in Colorado, would be a violation of section 18-3-402, C.R.S. 2016, sexual assault, or section 18-3-404(1.5), C.R.S. 2016, unlawful sexual contact.[3] The supplement to the petition did not correct Stanley's failure to affirm that none of the prohibitions in section 16-22-113(3) applied to his situation.

¶ 8    In a written order, the district court reviewed the plain language of the relevant sex offender registration statutes and denied Stanley's petition, concluding that, as a matter of law, he

---

[3] It is important to note that Stanley's California conviction was not for unlawful "sexual contact" with a minor, but for unlawful "sexual intercourse" with a minor. This is an important distinction because, in California, "sexual intercourse" under California Penal Code section 261.5 (West 2016) is defined as any penetration, however slight, of the vagina by the penis. Cal. Penal Code § 263 (West 2016); Cal. Crim. Jury Instr. 10.40.2 (2016). In Colorado, penetration results in a sexual assault conviction as opposed to unlawful sexual contact. § 18-3-401(4), (6), C.R.S. 2016 (definition of sexual contact versus sexual penetration); *compare* § 18-3-402, C.R.S. 2016, *with* § 18-3-404, C.R.S 2016. Moreover, Stanley does not argue on appeal that the district court improperly found that the comparable Colorado crime was section 18-3-402. Therefore, for purposes of our analysis, Stanley's conduct, if committed in Colorado, would have violated section 18-3-402.

was ineligible for relief under section 16-22-113(3) because his crime, if committed in Colorado, would have been a violation of section 18-3-402 and consequently required lifetime sex offender registration.

¶ 9     Stanley now appeals, arguing that the district court erred as a matter of law in its interpretation of section 16-22-113(3).

## II.     Standard of Review

¶ 10     Statutory interpretation is a question of law that we review de novo. *E.g., Curtiss v. People,* 2014 COA 107, ¶ 6. "As with any statute, our primary task is to give effect to the General Assembly's intent by first examining the statute's plain language." *Id.* We must read and consider the statute as a whole in order to give consistent, harmonious, and sensible effect to all of its parts. *Id.* However, a statutory interpretation leading to an illogical or absurd result will not be followed. *Id.*

## III.     Applicable Statutes

¶ 11     To address Stanley's argument on appeal, we must analyze the statutes in California and Colorado regarding his conviction and the relevant portions of the Colorado Sex Offender Registration Act (CSORA), sections 16-22-101 to -115, C.R.S. 2016.

## A.    Stanley's Conduct

¶ 12    Stanley was convicted in California under penal code section 261.5(d), which provides: "Any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age is guilty of either a misdemeanor or a felony . . . ." Cal. Penal Code § 261.5(d).

¶ 13    In his petition for discontinuation of registration, Stanley conceded that, if committed in Colorado, his offense would have been a violation of section 18-3-402(1), specifically subsection (1)(e), which provides as follows:

> (1) Any actor who knowingly inflicts sexual intrusion or sexual penetration on a victim commits sexual assault if:
>
> . . . .
>
> (e) At the time of the commission of the act, the victim is at least fifteen years of age but less than seventeen years of age and the actor is at least ten years older than the victim and is not the spouse of the victim . . . .

The offense described in subsection (1)(e) is a class 1 misdemeanor and is an extraordinary risk crime subject to the modified sentencing range in section 18-1.3-501(3), C.R.S. 2016. § 18-3-402(3). The General Assembly has found that a violation of section

18-3-402(1)(e) "present[s] an extraordinary risk of harm to society."
§ 18-1.3-501(3).

## B. CSORA

¶ 14    The purpose of sex offender registration is not to inflict additional punishment on a person convicted of a sexual offense, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety. *Curtiss,* ¶ 8 (citing *People v. Brooks,* 2012 COA 52, ¶ 9).

¶ 15    As of 1998, several classes of persons have been statutorily required to register as sex offenders pursuant to the provisions of section 16-22-108, C.R.S. 2016. § 16-22-103(1), C.R.S. 2016. Under section 16-22-103(2)(a), persons convicted after July 1, 1994, of "unlawful sexual behavior" are required to register as sex offenders. The definition of "unlawful sexual behavior" for purposes of registration includes sexual assault in violation of section 18-3-402. § 16-22-102(9)(a)(I), C.R.S. 2016.

¶ 16    A sex offender with a non-Colorado conviction is required to register in the State of Colorado pursuant to section 16-22-108 if,

> as a result of the conviction, [the offender] is, was, has been, or would be required to register if he or she resided in the state or jurisdiction

of conviction, or . . . such person would be
required to register if convicted in Colorado . . .
so long as such person is a temporary or
permanent resident of Colorado.

§ 16-22-103(3). A "temporary resident" means a person who is a

resident of another state but is in Colorado temporarily because the

person is, as relevant to Stanley's situation, "[p]resent in Colorado

for more than fourteen consecutive business days or for an

aggregate period of more than thirty days in a calendar year for any

purpose, including but not limited to vacation, travel, or

retirement." § 16-22-102(8)(c).

¶ 17    CSORA also sets forth procedures and requirements for

discontinuing an offender's duty to register in Colorado. Under

certain circumstances, an offender with a non-Colorado conviction

is expressly allowed to petition a Colorado court for an order to

discontinue the requirement for registration in Colorado. § 16-22-

113(1.5). The procedure for an out-of-state offender to petition a

Colorado court for discontinuation of registration is as follows:

If the conviction that requires a person to
register pursuant to the provisions of section
16-22-103 was not obtained from a Colorado
court, the person seeking to discontinue
registration or internet posting or both may file
a civil case with the district court of the

8

> judicial district in which the person resides and seek a civil order to discontinue the requirement to register or internet posting or both under the circumstances specified in subsection (1) of this section.

§ 16-22-113(1.5). Subsection (1) provides specific details as to persons eligible for relief under section 16-22-113 "*[e]xcept as otherwise provided in subsection (3)*" of the statute. § 16-22-113(1) (emphasis added).

¶ 18     Pertinent to Stanley's petition, subsection (3)(b)(I) specifically excludes those persons who were convicted as adults of sexual assault in violation of section 18-3-402. § 16-22-113(3)(b)(I). Instead, those offenders are "subject for the remainder of their natural lives to the registration requirements specified in this article or to the comparable requirements of any other jurisdictions in which they may reside." § 16-22-113(3).

## IV. Analysis

### A. CSORA Precludes Stanley's Requested Relief as a Matter of Law

¶ 19     We conclude, as did the district court, that the plain language of CSORA precludes Stanley, as a matter of law, from discontinuing sex offender registration in Colorado as a temporary resident.

¶ 20    We start with the basic premise that Stanley, as a potential temporary resident of Colorado, is required to register in Colorado as a sex offender because of his California conviction.  Section 16-22-103(3) requires Stanley to register in Colorado because he was and had been subject to California sex offender registration.  In addition, Stanley must register in Colorado because he was convicted in California of an offense that would require registration in Colorado — namely, sexual assault in violation of section 18-3-402(1)(e).  §§ 16-22-102(9)(a)(I), 16-22-103(2)(a), (3); *cf. Curtiss,* ¶ 10.

¶ 21    However, as previously mentioned, CSORA provides sex offenders living or staying in Colorado with a non-Colorado conviction a potential avenue for discontinuing Colorado sex offender registration by following the procedures in section 16-22-113(1).  § 16-22-113(1.5).  But, subsection (1) is explicitly limited by the restrictions in subsection (3).  § 16-22-113(1).

¶ 22    Turning to subsection (3), adult offenders who were convicted of sexual assault under section 18-3-402 are expressly excluded from discontinuing sex offender registration and are required to register in Colorado for the remainder of their natural lives.  § 16-

22-113(3)(b)(I). Therefore, read in context with 16-22-103(3), we interpret section 16-22-113(3) to mandate that persons convicted outside of Colorado of offenses comparable to those proscribed in section 18-3-402 are expressly precluded from seeking relief from Colorado sex offender registration requirements and are subject to lifetime registration as long as they remain temporary or permanent residents of Colorado.

¶ 23    Thus, because Stanley was convicted of a California offense that is comparable to sexual assault in violation of section 18-3-402(1)(e), he is precluded, as a matter of law, from discontinuing his requirement to register under section 16-22-108 as a sex offender in Colorado if he resides here as a temporary resident as defined under section 16-22-102(8).

### B.    Language in Section 16-22-113(3) Does Not Provide an Exception for Non-Colorado Offenders No Longer Required to Register in Their State of Conviction

¶ 24    Stanley asserts on appeal that the language of section 16-22-113(3) allows for discontinuation of registration when the offender was convicted outside of Colorado and the state of conviction no longer requires registration in that state. Specifically, he relies on the disjunctive language in section 16-22-113(3), that offenders

convicted of certain sex-based offenses are subject to lifetime registration "or to the comparable requirements of any other jurisdictions in which they may reside," to argue that he should not be required to register in Colorado when the state where he resides, California, no longer requires him to register as a sex offender. We are not persuaded and reject Stanley's argument for the following four reasons.

¶ 25     First, Stanley's argument ignores the plain language preceding the "other jurisdictions" phrase — namely, that the persons listed in that subsection are expressly ineligible for relief under section 16-22-113. In interpreting statutes, we must construe the language so as to give effect to every word, and we cannot adopt a construction that renders any term superfluous or meaningless. *People v. Vigil*, 2013 COA 102, ¶ 13. Adopting Stanley's interpretation of section 16-22-113(3) would render the language that certain persons are ineligible for relief from registration superfluous. In our view, the phrase is not meant to provide an exception to the statutory declaration that the persons listed in subsection (1.5) are ineligible for relief.

¶ 26    Second, to interpret subsection (3) as Stanley suggests would result in different registration requirements for persons who are convicted of sexual assault in Colorado and those who are convicted of comparable offenses in another state.  A division of this court noted in *Curtiss* that if a person with an out-of-state conviction for an offense comparable to sex assault on a child in Colorado would be eligible to discontinue registration but a person convicted in Colorado of the same offense would *not* be eligible to discontinue registration, such an interpretation "would produce an illogical and absurd result as a matter of law."  *Curtiss*, ¶ 20.  We see no meaningful difference between the conviction for sexual assault here and the conviction for sexual assault on a child in *Curtiss*, especially considering the young age of Stanley's victim (fifteen).  Accordingly, we apply the division's analysis in *Curtiss*, with which we agree, to this case.  *Id.*

¶ 27    We reject Stanley's argument that *Curtiss* is distinguishable from his situation because Curtiss was a permanent resident of Colorado when he filed his petition to discontinue sex offender registration.  It is a distinction without a difference that Stanley would be a temporary resident of Colorado.  Under section 16-22-

103(3), Stanley is required to register in Colorado if he is a temporary or permanent resident of Colorado, meaning that the statute does not differentiate based on residency status, and the requirement to register is for both temporary and permanent residents.

¶ 28   Third, Stanley's interpretation of the pertinent statutes is inconsistent with the central statutory intent of CSORA to assist law enforcement officials and protect the public safety, *Curtiss*, ¶¶ 8, 20, because such a reading would necessarily mean that persons convicted in another state of sexual assault on a minor, and who are now residing in Colorado, would not be registered with law enforcement officials or be known to the public. This is especially so considering that sexual assault as defined under section 18-3-402(1)(e) is deemed by the General Assembly to present an extraordinary risk of harm to the public. § 18-1.3-501(3).

¶ 29   Fourth, Stanley's interpretation takes the "other jurisdictions" phrase out of context. The provisions of section 16-22-113 assume that the offender was convicted in Colorado; subsection (1.5) allows certain persons convicted out-of-state to also petition the courts for discontinuation of registration. Thus, in the context of a Colorado

14

offender, the phrase "or to the comparable requirements of any other jurisdictions in which they may reside" means that certain persons convicted in Colorado are not eligible for relief from Colorado registration requirements and are subject to lifetime registration in Colorado or to the comparable registration requirements in any other state in which they reside. Applied to the situation here, if Stanley had been convicted under section 18-3-402 in Colorado he would be subject to lifetime registration in Colorado without the ability to petition for relief, and if he moved to another jurisdiction, he would be subject to the comparable registration laws of that jurisdiction. In other words, the "other jurisdictions" phrase does not allow non-Colorado offenders who reside in Colorado to discontinue registration here simply because the laws or administrative agencies in their original or primary states of residence no longer require them to register in those states.

¶ 30    More importantly, in our view, the "other jurisdictions" phrase does not reflect an intent by the General Assembly to allow registration laws or administrative decisions in other states to take precedence over Colorado registration requirements for persons

temporarily or permanently residing in Colorado. Indeed, section 16-22-103(3) provides that non-Colorado offenders are subject to registration if they were or *had been* subject to registration requirements in the state of conviction. We cannot conclude, as Stanley's interpretation necessitates, that the "other jurisdictions" phrase in 16-22-113(3) elevates California's decision regarding sex offender registration over Colorado's registration laws.

## V. Conclusion

¶ 31    The district court's order denying Stanley's petition is affirmed.

JUDGE ROTHENBERG and JUDGE CASEBOLT concur.